HURLEY, Appellant, v.' O'NEILL, Respondent.

(No. 1,485.)

(Submitted January 24, 1902. Decided February 10, 1902.)

*Tenancy in Common—Oral Partition—Bona Fide Purchaser —Notice—Evidence—Burden of Proof.*

1. Where the title under which tenants in common have held possession is of record and is consistent with the occupancy, the possession must be referred to the record title, and it will not be constructive notice of any other title, legal or equitable.

2. Plaintiff, purchasing the undivided half interest of S. in a lot, as shown by the record, has not constructive notice of an oral partition of the lot by S. and O., his co-tenant, from the fact that O. had for years paid the taxes on a certain half of the lot.

3. Plaintiff, at the time she took a deed for the undivided half interest of S. in a lot, is not shown to have had actual notice of an oral partition by S. and O., his co-tenant, by the fact that she thereafter paid the taxes on the part S. had occupied, and when O. forbade her sweeping her dirt onto the part occupied by him, she said that O.'s deed was not fixed right, and that she could do what she felt like till there was a division.

4. *Held,* that, under the circumstances of the case, the burden of proving actual notice of an oral partition between tenants in common rested upon the party alleging such notice.

5. The supreme court upon reversing a judgment will not order the court below to render judgment for the appellant as prayed for, where such order might work injustice to the respondent.

*Appeal from District Court, Silver Bow County; John Lind-say, Judge.*

ACTION by Mary Ann Hurley against Patrick O'Neill. Judgment for defendant. Plaintiff appeals. Reversed.

*Messrs. Sinclair & Dygert,* for Appellant.

*Mr. John N. Kirk* and *Mr. N. W. McConnell,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

This is an action to partition a lot 100 feet in length by 30 feet in width, situate in the city of Butte. The complaint states, in substance, that the plaintiff and the defendant are owners (except as to the minerals therein) as tenants in common of the property, each owning an undivided half interest. The defendant by answer denies the ownership in common alleged in the complaint, and sets up that he and one Sullivan purchased the lot in 1889, and that at the time of the purchase it was agreed between them that Sullivan was purchasing and acquiring title to the east 50 feet of the lot and the defendant was purchasing and acquiring title to the west 50 feet thereof; that in pursuance of the agreement the defendant built a house upon the west half and ever since has occupied the same as his home, and that Sullivan built a house upon the east half and occupied it as his home until some time in 1894 when, for a valuable consideration, he sold and conveyed his interest in the lot to plaintiff; that the plaintiff at the time of purchasing the interest well knew that the interest of Sullivan was only the east 50 feet of the lot and that Sullivan had and claimed to have no interest whatever in the west 50 feet; and that since the purchase by the plaintiff she has lived upon and occupied the east 50 feet, claiming no interest whatever in the west 50 feet occupied by the defendant. A trial was had by the court sitting with a jury. A general verdict and special findings for the defendant were returned;

these the court adopted and rendered judgment in favor of the defendant decreeing title in him to the west 50 feet of the lot. The plaintiff has appealed.

The following facts were established by the evidence and the findings: On the 17th day of July, 1889, the persons who were then the owners of the lot in question conveyed it by deed (reserving the mining rights and minerals) to the defendant and Sullivan as tenants in common. This deed was duly recorded in September of the same year. The defendant and Sullivan had orally agreed between themselves that each was to own in severalty one-half of the lot, and shortly after the purchase it was orally understood between them that the defendant was the owner of the west half and Sullivan the owner of the east half of the lot. Soon after the purchase O'Neill built a three-room frame house costing $437 on the west half, and Sullivan built a house costing $425 on both sides of an imaginary line dividing the lot into halves, a part of the Sullivan house being on the west end and a part on the east end. The west end of the lot faces on Montana street, but there is no means of ingress to or egress from the east half of the lot except through the west half, unless by the consent of those owning the property adjoining the east half of the lot. The defendant and Sullivan with their families occupied the lot, each living in the house built by him, until the 26th day of March, 1895, when Sullivan granted his undivided one-half interest in the lot to the plaintiff, who immediately entered into possession of the house previously occupied by Sullivan, and has lived there ever since with her family. The deed to the plaintiff was duly recorded on the 3d day of April, 1895. As shown by the records of Silver Bow county, the plaintiff is the owner of an undivided one-half interest in the lot. At the time Sullivan sold and conveyed to the plaintiff, the records showed that Sullivan and the defendant were tenants in common. There was nothing to indicate ownership in severalty. There was a fence on the west end of the lot along the line of Montana street, but there was no fence or other evidence of a

division between the east and west parts. The defendant had paid taxes on the west half of the lot since 1889, but it does not appear that the plaintiff had notice or knowledge thereof when she purchased from Sullivan.

1.   So far as appearances went, all that had been done by O'Neill and Sullivan was consistent with their rights as tenants in common, and their occupancy did not serve to charge the appellant with constructive notice of the rights of O'Neill and Sullivan as between themselves. The title under which they might have held possession being of record and being consistent with the occupancy, the possession must be referred to the record title and will not be constructive notice of any other title, legal or equitable. (*Mullins* v. *Butte Hardware Company,* 25 Mont. 525, 65 Pac. Rep. 1004.) It is true that the defendant paid the taxes assessed to him on the west half of the lot from 1889 down to the date of the trial; this fact was not constructive notice of the defendant's equitable title arising by virtue of the supposed oral partition; moreover, it was consistent with the title appearing of record. (*Mullins* v. *Butte Hardware Co., supra.*) Upon this branch of the case suffice it to say that there was no evidence whatever tending to charge the plaintiff with constructive notice of the equitable rights of the defendant.

2.   With respect to actual notice, the defendant himself testified that at no time before August, 1897, which was more than two years after the plaintiff purchased from Sullivan, did he intimate to her or assert in her presence any claim in severalty to the west half of the lot, nor was there any evidence tending to show that she had actual notice, either express or implied, of his supposed rights under the oral partition between himself and Sullivan. The defendant contends that there are two items of evidence which show that the plaintiff had knowledge or actual notice of his title at the time she purchased from Sullivan: Until August, 1897, the plaintiff and the defendant with their families had made common use of the lot for such domestic purposes as they desired without objec-

tion, let or hindrance; but the defendant testified that in that month he forbade the plaintiff to "sweep her dirt over into our yard, and I told her one evening that she must not do it, and to keep her own place like the other parties did—Mr. Sullivan—and she told me  *  *  *  that I did not fix my deed right, and that she could do what she felt like until it was divided. I then took a surveyor to the lot and had it surveyed, and stakes were put up and designated the dividing line in the hundred feet, and her house stood a little on my ground. I then built a water closet and a wood shed and put up a fence and left the gate for Mrs. Hurley to go in and out at, and Mrs. Hurley chopped the fence up, I believe." The other item is the payment by the plaintiff since 1895 of taxes on the house occupied by her and on the east 50 feet of the lot. It is apparent that these two items, whether considered separately or together, fall short, in themselves, of being sufficient to justify the inference that the plaintiff when she purchased the undivided one-half interest from Sullivan in March, 1895, had notice of the equitable rights of the defendant. This was all the evidence upon the question of actual notice. Under the circumstances of the case the burden of proving such notice was upon the defendant. (*Hull* v. *Diehl,* 21 Mont. 71, 52 Pac. Rep. 782; *Mullins* v. *Butte Hardware Co., supra.*) He failed to discharge the burden, and the plaintiff was entitled to judgment in partition as prayed for in her complaint. Her counsel asks that the court below be instructed to render judgment as prayed for; but for the reasons stated in *Westheimer* v. *Goodkind,* 24 Montana Reports, at page 108 (60 Pac. Rep. 813), we think the judgment should be reversed and the cause remanded for a new trial.

The judgment is therefore reversed, and the cause is remanded with direction to grant a new trial.

*Reversed and remanded.*