STATE EX REL. HURLEY, RELATOR, v. DISTRICT
COURT OF THE SECOND JUDICIAL DIS-
TRICT ET AL., DEFENDANTS.

(No. 1,827.)

(Submitted June 16, 1902.    Decided June 23, 1902.)

*Appeal—Costs—Necessity for Formal Judgment—Memoran-
dum of Costs—Filing—Service on Adverse Party—Execu-
tion—Authority of Trial Court—Errors in Memorandum—
Waiver.*

1.    Under Supreme Court Rule XVII, providing that in all cases the cost of
appeal shall be taxed against the unsuccessful party, no formal entry of
judgment for such costs is necessary, but the rule itself disposes of such
costs as effectually as though a formal judgment therefor were entered.
2.    Code of Civil Procedure, Sec. 1869, provides that if a party to whom an
appellate court has awarded costs wishes to claim them, he must, within
thirty days after the *remittitur* is filed with the clerk below, deliver to
such clerk a memorandum of his costs, verified as prescribed by Section
1867, and that thereafter he may have an execution therefor as upon a
judgment. *Held,* that when a party to whom such costs are awarded has
complied with the statute, the clerk must issue execution for his costs
whenever he demands it.
3.    Though the statute (Code of Civil Procedure) does not require service of
the memorandum on the adverse party, by analogy such service should be
made, and disputes settled as provided by Section 1867.
4.    Subject to a motion to strike out disputed items, the filing of the memoran-
dum has the same effect as a formal entry of judgment, and the trial court
has no further function to perform after execution thereon than it has in
case of an execution on a final judgment.
5.    Where a party to whom the costs of an appeal were awarded erroneously
included in the memorandum thereof, filed and served pursuant to Code of
Civil Procedure, Sec. 1869, items of costs on the trial below, the adverse
party, by failing to make a seasonable motion to strike out such items, and
by moving to quash on other grounds the execution issued on such memo-
randum, waived objection to the erroneous items.

*Certiorari* by the state, on the relation of Mary Ann Hurley,
for the annulment of an order entered by E. W. Harney, judge,
quashing an execution in relator's favor for the costs of an ap-
peal.    Order annulled.

*Messrs. Sinclair & Dygert,* for Relator.

*Mr. Thomas A. Morrin,* for Defendants.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *certiorari*. On appeal to this court in a cause entitled *"Hurley* v. *O'Neill"* the judgment rendered by the district court in favor of the defendant was reversed, and the cause remanded for a new trial. (*Hurley* v. *O'Neill,* 26 Mont. 269, 67 Pac. 626.) Within thirty days after the *remittitur* from this court was filed in the office of the clerk of the district court, and on March 26, 1902, the plaintiff delivered to the clerk her memorandum of costs incurred upon her appeal, and served a copy of the same upon the defendant. The memorandum contained also certain items of costs incurred by the plaintiff upon the trial in the district court prior to the appeal. It was properly verified as required by Section 1867 of the Code of Civil Procedure. Thereafter, on April 24th, the plaintiff, for the purpose of enforcing the payment of the amount so claimed, caused an execution to be issued by the clerk, and placed it in the hands of the sheriff of Silver Bow county. Under it the sheriff levied upon certain real property situate in that county, and belonging to the defendant, and was proceeding to advertise and sell it. On May 21st the defendant filed in the district court his motion asking for an order recalling and quashing the execution upon the following grounds: (1) That the execution had been issued by the clerk improvidently and without direction of the proper authority; (2) that the execution was unauthorized, and not issued upon any judgment, or by any authority of court; and (3) that the supreme court had not awarded the costs of the appeal to the plaintiff, and had made no order whatsoever concerning them. This motion was heard by the court, E. W. Harney, judge, presiding, on May 24th, and an order entered sustaining it. The present proceeding has been instituted to annul this order as in excess of jurisdiction.

There has been no appearance in this court by counsel for the defendants. Counsel for relator contends that, having complied with the requirements of the statute and the rules and

practice of this court, she is entitled, as a matter of course, to an execution for her costs accrued upon the appeal, and therefore that the district court had no jurisdiction to recall and quash her execution.

Section 1869 of the Code of Civil Procedure provides: "Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must within thirty days after the *remittitur* is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed by Section 1867, and thereafter he may have an execution therefor as upon a judgment." Rule XVII of this court directs that "in all cases the costs of appeal shall be taxed against the unsuccessful party, unless otherwise ordered by this court; and the *remittitur* shall be accompanied by an itemized statement or such costs as are paid to the clerk of this court." The order of reversal made at the time the opinion in *Hurley* v. *O'Neill* was delivered contained no formal direction as to the disposition of the costs incurred upon the appeal. The plaintiff, having been successful, however, is entitled under the rule, as a matter of course, to have her costs upon the appeal taxed against, and to recover them from, the defendant. The design of the rule is to adjust the costs on appeal without a formal order. Its effect is to award the costs to the successful party, just the same as if a formal order were made in each case. The items of costs incurred upon appeal neither this court nor its clerk has anything to do with, except such as are paid to the clerk, and these are disposed of when they have been certified in the *remittitur* to the clerk of the district court. These and all other items claimed must be included in the memorandum required by the statute *supra*, and filed with the clerk of the district court. When this has been done, the successful appellant is entitled to an execution for the amount of the bill, and the clerk must, under the direction of the statute, issue it when demand is made for it.

The statute contains no direction for the service of the memorandum upon the adverse party; nor is there any provision directing how questions arising upon disputed items may

be settled.   Since, however, the memorandum must be filed with the clerk of the district court, we think that by analogy service of it should be made and disputes settled under the provisions of Section 1867, referred to in Section 1869, *supra*.   If there is no dispute, then the district court has no other function to perform in the matter than it has in case of an execution upon a final judgment.   Indeed, under the statute, the filing of the memorandum with the clerk, subject to a motion to strike out disputed items, but without anything further, has the same effect as a formal entry of judgment.

In this case the court evidently proceeded upon the idea that some formal order disposing of the costs, either by this court or by the district court, was necessary to support the execution. This idea is erroneous.   The rule of this court, of which that court is bound to take notice, disposes of the cost as effectively as would a formal order.   This being true, and there being no dispute as to the amount of the bill, its office was not to obstruct the relator, but rather to aid her in collecting her costs as awarded by the rule of this court.

As already stated, the memorandum of relator contained some items of costs incurred upon the trial in the court below. This should not have been done, since Section 1869, *supra,* has reference to costs of the appeal only.   If seasonable complaint had been made of them, they should have been stricken out. No such complaint was made, nor was the order now complained of based in whole or in part upon this mistake of relator.   Under the circumstances the defendant in that case must be deemed to have waived it.

The order complained of cannot be supported upon either one of the grounds assigned in the motion in the court below. It was wholly an excess of jurisdiction, and must be annulled. It is so ordered.

*Annulled.*

MR. JUSTICE PIGOTT:   I concur.

MR. JUSTICE MILBURN, not having heard the cause, takes no part in the foregoing opinion.