STATE ex rel. RIDDELL, RELATOR, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,264.)

(Submitted January 3, 1906. Decided February 26, 1906.)

*Costs on Appeal—Notice—Due Process of Law—Statutes—District Courts—Jurisdiction.*

Taxation of Costs—Notice—Constitution—Due Process of Law.
1. *Semble:* A statute which authorizes the taxation of costs upon the filing of a memorandum, without notice to the person liable therefor, would seem to be obnoxious to the constitutional guaranty that no person shall be deprived of life, liberty or property without due process of law (Constitution, Article III, section 27), the phrase. ''due process of law'' including notice and a hearing before judgment.

Costs—Service of Memorandum—Statutes.

    2. *Held,* that the provisions of section 1867 of the Code of Civil Procedure with reference to service upon the adverse party of memorandum of the items of costs and disbursements claimed by the party in whose favor judgment is rendered are applicable to proceedings under section 1869 of the same Code, relative to costs awarded by an appellate court.

Costs—Collection—Mode to be Pursued.

    3. The recovery of costs as such is regulated by statute and the method therein pointed out for their collection must be pursued.

Costs—Taxation—Notice—Waiver—Jurisdiction.

    4. Where a party, against whom costs awarded on appeal were sought to be recovered under section 1869 of the Code of Civil Procedure, had not been served with a memorandum of such costs, his special appearance, for the purpose of submitting a motion to strike out the memorandum as a whole and also a motion to tax the cost-bill on its merits, did not give the district court jurisdiction to tax the costs, and *certiorari* lies to annul such order.

CERTIORARI in the name of the state, on the relation of J. A. Riddell, against the district court of the second judicial district of the state of Montana and Honorable John B. McClernan, a judge thereof, to review an order taxing costs. Order annulled.

*Mr. John J. McHatton,* for Relator.

*Messrs. Carpenter, Day & Carpenter,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Certiorari.* On appeal to this court by the defendants in a cause entitled *Riddell* v. *Ramsey et al.,* 31 Mont. 386, 78 Pac. 597, a judgment in favor of plaintiff and an order denying defendants' motion for a new trial were reversed. When the *remittitur* went down to the district court, the defendants filed with the clerk their verified memorandum of costs and disbursements on the appeal and caused execution to be issued therefor as upon a judgment under the statute. (Code of Civil Proc., sec. 1869.) Thereupon the plaintiff filed his motion, supported by affidavit, to the effect that a copy of the memorandum had not been served upon him before or after filing, and asked that the execution be stayed pending a decision by the court upon the question whether the defendants were entitled to their costs. Ex-

ecution was stayed. The plaintiff then moved the court, making special appearance for that purpose, to strike out the memorandum, and at the same time submitted a motion to tax the bill on its merits, making specific objections to various items included therein. The court denied the motion to strike out the memorandum, and thereupon proceeded to consider and determine the motion to tax. Certain of the items were disallowed, with the result that the amount claimed, $944.05, was reduced to $652.05. Thereupon this proceeding was begun to have the order taxing costs annulled as in excess of jurisdiction. The writ was issued, and the record certified up.

The contention is made by counsel for relator that, under the rule laid down in *State ex rel. Hurley* v. *District Court*, 27 Mont. 40, 69 Pac. 244, since no notice of the filing of the memorandum was given under the provisions of section 1867 of the Code of Civil Procedure, the memorandum ought to have been stricken out as a whole. Counsel calls attention to the fact that he made a special appearance for the purpose of asking that the memorandum be stricken out, and that, although he at the same time submitted the merits of plaintiff's claim, thus asking for substantive relief, he did not thereby waive his right to have the relief demanded by his special appearance.

The district court should have stricken out the memorandum or bill as a whole. It was without jurisdiction to tax or allow any item. The respondents rely, of course, on the provisions of section 1869 of the Code of Civil Procedure, and insist that, since the defendants in the case of *Riddell* v. *Ramsey et al., supra,* complied literally with its requirements and filed their verified memorandum with the clerk within the prescribed time, they were entitled to have execution issue thereon as a matter of course, subject to be recalled on motion of the plaintiff pending a motion to tax. They contend, further, that the provisions of section 1867, touching the service of the memorandum do not apply, for, if notice need not be given, then the court has nothing to do in the premises. The difficulty with this position is that, if the provisions of this lat-

ter section do not apply as to the requirement of notice, neither do they in any other particular. The result is that the party against whom such costs are claimed is without remedy. The memorandum may include all sorts of illegal items, and the party filing it has a judgment for them, without notice or opportunity to his adversary to be heard, before his property may be taken under the execution to satisfy the judgment thus obtained without notice. If this meaning is to be given that section, it would, it seems, be clearly obnoxious to the constitutional guaranty that no person shall be deprived of life, liberty, or property without due process of law (Constitution, Article III, sec. 27), the phrase "due process of law" including notice and a hearing before judgment. (*Hovey* v. *Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. ed. 215.)

We do not think it necessary to hold section 1869 unconstitutional. The chapter of which this section is a part has to do with costs and the mode by which they may be collected. Section 1867 points out the mode to be pursued for the collection of costs in the district courts, and also in original proceedings in this court; at least it does not in terms apply to district courts exclusively. Section 1869 points out the mode by which they may be collected when awarded on appeal; but we think that all the analogies, as was stated in *State ex rel. Hurley* v. *District Court, supra,* require notice of the claim to be given under the provisions of section 1867, or that they should be denied.

While the exact point now before the court was not raised in *State ex rel. Hurley v. District Court, supra,* yet what was there said as to the necessity of notice was not entirely impertinent and is wholly applicable in this csae. This rule must govern or the conclusion is inevitable that section 1869 is invalid, and that parties have no means provided by which they may collect costs awarded to them by this court on appeal. Section 1867 clearly does apply to porceedings in this court in some respects. We think it must be held to apply also to the method of claiming in the district court costs awarded by this court on appeal, and that the method pointed out must

be pursued, else the court has no power to settle controversies in any manner concerning them.

Nor do we think the relator, by submitting the motion to tax along with his motion to strike out the memorandum as a whole, gave the court jurisdiction of the subject matter. Costs, as costs, are allowed only by statute, and can be collected only by the method pointed out by the statute. (*Orr* v. *Haskell,* 2 Mont. 350; *Riddell* v. *Harrell,* 71 Cal. 254, 12 Pac. 67; *O'Neil* v. *Donahue,* 57 Cal. 226; *Sellick* v. *De Carlow,* 95 Cal. 644, 30 Pac. 795; *Dow* v. *Ross,* 90 Cal. 562, 27 Pac. 409.) When, therefore, the party claiming costs has failed to claim them as directed by the statute, his right to them has not attached, and the court has no other power in the premises than to strike out and disallow them on motion of the adverse party.

For these reasons we think that the district court, in proceeding to tax and allow any portion of the bill in controversy, was wholly without jurisdiction, and the order must be annulled.

At the hearing no question was made as to the remedy. We have therefore considered the case upon the merits, without reference to the question whether the proper remedy has been invoked in this case.

*Order annulled.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.