[S. F. No. 4591. In Bank.—October 11, 1906.]

TERESA BELL, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

COSTS ALLOWED UPON APPEAL—CONSTRUCTION OF CODE—COST-BILL—SERVICE—CONSTITUTIONAL LAW.—Section 1034 of the Code of Civil Procedure, in regard to the collection of costs awarded upon appeal, if taken strictly alone, would be unconstitutional, as allowing property to be taken without notice or an opportunity to be heard; that section must be construed with section 1033 of the Code of Civil Procedure as analogous, so as to require service of the memorandum of costs upon the opposite party and an opportunity for retaxation before execution can be properly issued thereupon, and if not so served, the memorandum of costs was properly stricken out, and execution thereupon was properly vacated and annulled.

PETITION for Writ of Review to annul orders of the Superior Court of the City and County of San Francisco striking out a memorandum of costs and quashing execution thereon. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Petitioner.

Edmund Tauzsky, and Wallace A. Wise, for Respondents.

LORIGAN, J.—This is a petition for a writ of review.

On November 19, 1904, in the case of Teresa Bell *v.* Mary E. Pleasant et al., on appeal to this ·court, the judgment and order of the superior court denying the motion of plaintiff for a new trial was reversed (*Bell* v. *Pleasant,* 145 Cal. 410, [104 Am. St. Rep. 61, 78 Pac. 957]), and the cause remanded to the superior court for a new trial, with costs allowed said plaintiff on appeal.

On the day plaintiff filed the *remittitur* from this court in the superior court she also filed in said court a memorandum duly verified of her costs on said appeal, amounting to the sum of $269.50, and subsequently had an execution issued thereon as upon a judgment, as provided by section 1034 of the Code of Civil Procedure.

Upon the issuance of said execution, the defendants served and filed a notice of motion in said action for an order of the superior court striking from the files thereof the memorandum of costs of plaintiff, and to vacate and annul the said execution. Said motion was based upon the ground that neither said memorandum of costs allowed on appeal nor notice of the filing thereof had ever been served upon defendants, and supported the motion by an affidavit showing the fact of such non-service, which was not controverted. Upon the hearing the superior court made an order granting said motion, and struck out said memorandum of costs, and vacated and annulled said execution.

Thereupon this proceeding was commenced by plaintiff to have these orders of the superior court, striking out said memorandum of costs and quashing said execution, set aside and annulled as in excess of its jurisdiction.

Proceeding now to a consideration of the matter on its merits.

In the chapter in the Code of Civil Procedure on "Costs" it is provided by section 1033 thereof, stating its provisions generally, that a party in whose favor judgment is rendered,

and who claims costs, must file and serve a verified memorandum thereof upon the adverse party within a given time, and that if the party so served is dissatisfied with the costs claimed, he may, within a certain time, move to retax them.

Section 1034, immediately following, provides that "Whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the *remittitur* is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed by the preceding section, and thereafter he may have an execution therefor as upon a judgment."

It will be observed that this latter section does not in terms provide for service of any notice on the adverse party relative to such memorandum, and it is insisted by petitioner that, as he complied literally with the provision of that section by filing his cost-bill within thirty days after the filing of the *remittitur,* that is all that the law required of him, and he was entitled to execution; that not only is no notice required to be given by that section, but that the section itself contains no specific provision for retaxing costs, and that if illegal or excessive items of costs are charged, application must be made to this court for relief, or an independent action in equity be brought for that purpose.

But this court has nothing to do with the particular items of costs to which a party may be entitled under a judgment rendered therefor by this court. The effect of our judgment is simply that a party is entitled to costs. What they are, the specific amount which he would be entitled to have fixed or allowed therefor, are matters to be determined by the trial court to which the cause is remanded, or to which the *remittitur* runs. The determination of that court on the subject necessarily constitutes the definite and specific judgment concerning which the general right to recover was declared by this court. There is no provision of law authorizing this court to tax or retax the costs it allows on appeal from a judgment or order of the superior court, either reversed or affirmed. That is a matter solely for consideration in the lower court.

And it is true that section 1034 does not provide for any right of the party against whom costs are claimed to have them retaxed. The section, as literally construed, provides

CL Cal.—3

neither for a notice of the filing of the cost-bill, nor for any right to the adverse party to be heard concerning the legality or propriety of any of the items in it.

And herein rests the vice of the section, if it is to be construed as contended for by plaintiff, that there is no provision in the law requiring notice of the filing of the memorandum, or affording defendants a right to be heard concerning its items, because under such circumstances costs are imposed and the judgment for them obtained without affording any right or opportunity to defendants to be heard in the matter. Any and all kinds of illegal and excessive charges may be made. No authority is conferred on the court by the section to revise them; the memorandum is simply filed with the clerk, and execution therefor may immediately be issued and the property of defendants taken upon such execution under judgment for costs obtained against them without notice. It hardly needs to be suggested that if the section in question is to be so construed, that it is violative of the constitutional provision (Const., art. I, sec. 13) that no person shall be deprived of his property without due process of law, which is held to mean upon notice and an opportunity to be heard in the matter in which the judgment follows. (*Hovey* v. *Elliott,* 167 U. S. 409, [17 Sup. Ct. 841].) There is nothing in the point that the defendants may have their action in equity. Certainly it has no force here. If the order or judgment for a specific amount of costs under the section referred to is void for want of notice and an opportunity to be heard, the method adopted here is a proper proceeding for annulling it, and it is immaterial what other redress, if any, defendants might have.

It is suggested, too, that the section itself was notice to the defendants that within thirty days after the filing of the *remittitur* the plaintiff might file a memorandum of costs, and that it was the duty of defendants to look out for such filing, and, if they questioned the items of the memorandum, to file a motion to retax costs.

But if we assume that the section is itself notice, still the constitutional objection is not obviated, because there is nothing contained in section 1034 conferring any right upon the adverse party to question the tax-bill, by either a motion to retax or in any other manner. He is given no right whatever

to be heard, assuming that the section gives notice. He is given only a partial measure of his constitutional rights,— notice,—but the right to be heard before a judgment which may deprive him of his property on execution thereunder is made is not given him at all. Hence the claim of petitioner as to the section giving notice does not obviate the constitutional difficulty which the failure to confer any right upon the adverse party to be heard presents.

In view of our discussion so far, relative to section 1034 alone, this situation presents itself, that while this court is authorized under the law to award costs upon appeal, and the lower court to which our mandate runs is the tribunal where they are to be specifically ascertained, yet the judgment of this court as to such award is rendered ineffectual because no provision is made in the section in question under which such costs are to be ascertained, for notice to the party sought to be charged with their payment, or an opportunity afforded him to be heard in the lower court relative to them; in effect, that if the right of the prevailing party to have his costs on appeal fixed and an execution issued therefor depends solely upon the provisions of section 1034, then no such right exists, as the section is unconstitutional on account of its failure to provide for notice and an opportunity for the adverse party to be heard.

It is with extreme reluctance that courts feel constrained to hold any law unconstitutional, and only do so when no other alternative presents itself whereby it can be avoided.

In the present case, however, we think that it can be avoided by treating sections 1033 and 1034—sections found in the general chapter on "costs"— as analogous, as was done by the supreme court of Montana, where kindred provisions of the statute of that state were before it for consideration.

In the state of Montana, the Code of Civil Procedure there, in the general chapter concerning costs, contains provisions identical with the sections of our code above referred to, and the same question presented here was presented to the supreme court of that state in a proceeding similar to this. Section 1867 of the Montana code corresponds with section 1033 of ours, and the Montana code section 1869 with section 1034 of this state. The same point was raised in the supreme court of Montana as raised here,—namely, that section 1869 of the

Montana code (sec. 1034 of ours) in failing to provide for notice to the adverse party of the filing of the memorandum of costs and providing an opportunity for him to be heard relative thereto, was unconstitutional as depriving one of his property without due process of law. In discussing the point the court there said: "We do not think it necessary to hold section 1869 unconstitutional. The chapter of which this section is a part has to do with costs and the mode by which they may be collected. Section 1867 points out the mode to be pursued for the collection of costs in the district courts, and also in original proceedings in this court; at least it does not in terms apply to district courts exclusively. Section 1869 points out the mode by which they may be collected when awarded on appeal; but we think that all the analogies, as was stated in *State ex rel. Hurley* v. *District Court,* 27 Mont. 40, [69 Pac. 244], require notice of the claim to be given under the provisions of section 1867, or that they should be denied. While the exact point now before the court was not raised in *State ex rel. Hurley* v. *District Court, supra,* yet what was there said as to the necessity of notice was not impertinent and is wholly applicable in this case. This rule must govern or the conclusion is inevitable that section 1869 is invalid, and that parties have no means provided by which they may collect costs awarded to them by this court on appeal. Section 1867 clearly does apply to proceedings in this court in some respects. We think it must be held to apply also to the method of claiming in the district court costs awarded by this court on appeal, and that the method pointed out must be pursued, else the court has no power to settle controversies in any manner concerning them. . . . Costs, as costs, are allowed only by statute and can be collected only by the method pointed out by the statute. [Citing authorities.] When, therefore, the party claiming costs has failed to claim them as directed by the statute, his right to them has not attached, and the court has no other power in the premises than to strike out and disallow them on motion of the adverse party. For these reasons we think that the district court, in proceeding to tax and allow any portion of the bill in controversy, was wholly without jurisdiction, and the order must be annulled." (*State* v. *District Court* (Mont.), 85 Pac. 367.)

The effect of the ruling of the Montana supreme court was,

that while the section of the Montana code (sec. 1869), like our section 1034, did not provide, in terms for notice to the adverse party of the filing of a cost-bill in the lower court for costs awarded by the appellate court, still by analogy the provisions of section 1867—our corresponding section 1033—providing for the presentation and settlement of cost-bills where judgments were obtained in the trial court controlled, and that the same notice required there to be given should be given when it is sought to have costs, awarded generally in the appellate court, specifically taxed in the lower court after the appellate judgment allowing them.

We are satisfied with the reasoning in the Montana case, and with the conclusion reached in support of the constitutionality of the section in question, when considered in connection with the other section relative to the matter of taxing costs in the trial court to which we have referred. It is a reasonable and warranted construction which aids in securing to one the benefit of a judgment for costs given to him by the appellate court and of which he would be deprived, at least as far as section 1034 is concerned, were a different result arrived at.

As both sides have presented this matter on the merits, we have so disposed of it regardless of any question as to whether this application for a writ is the proper remedy.

The petition for the writ is dismissed.

Henshaw, J., Sloss, J., McFarland, J., and Angellotti, J., concurred.

SHAW, J., dissenting.—I dissent. I do not think it necessary to declare section 1034 unconstitutional. Section 1033, in my opinion, was not intended to apply to the costs on appeal, and section 1034 is valid without aid from the preceding section. The fact that no notice is expressly required in section 1034 should not render the provision invalid. Nor should it be held that the provision that an execution for such costs may be issued without notice, invalidates the entire section unless the clause of section 1033 in regard to notice is read also into section 1034. It does not follow, from the lack of an express provision in the code for a previous or contemporaneous notice, that the entire proceeding would be unconstitutional. The court has inherent power to afford an ample remedy for any injustice

that may be attempted by the filing of an excessive cost-bill. The entire argument of the prevailing opinion is based on a false premise which is not stated,—namely, that the superior court cannot entertain any motion, nor afford any relief in a case by any procedure, unless the motion or mode of relief is prescribed in the code or by some statute. This I hold to be a mistake. The superior court is a court of general jurisdiction, possessing all the usual and ordinary powers of the former courts of law and equity, and it may therefore, in any emergency not provided in the code, follow the practice of the common law and chancery courts in similar emergencies, and may adopt any procedure suitable to the exigencies of the case over which it has jurisdiction. (Code Civ. Proc., sec. 187.) The statute allows the prevailing party on appeal to file his cost-bill without notice. This, of necessity, cannot conclude the adverse party. An unsettled question, the correct amount of costs, remains for determination in such a case, and the court retains jurisdiction for that purpose. The losing party may at any reasonable time thereafter, either before or after the issuance of an execution, avail himself of this jurisdiction and move the court to retax the cost by striking out the items not allowable and reducing those which are excessive. And no doubt proceedings on execution could be stayed pending the determination of such motion, and the execution could be corrected after the motion was decided. The only restriction upon the right to this motion is that the party must not, after he has notice of the bill, unreasonably delay moving to retax, else he may be defeated by his laches. All these matters, in the absence of statutory provisions on the subject, are within the inherent power of the court. No statute is required to give the court the necessary power to protect the rights of parties to the litigation. In many of the states the costs are taxed by the clerk, without notice to either party, and no statutory procedure for retaxing is provided, and yet motions by either party to retax such costs are among the most frequent of proceedings in those courts, and the power to decide them has never been doubted. The time within which they must be made is a matter for adjustment in such states by judicial decision. The same power must exist in this

state in cases for which the code makes no provision. The courts are as capable as the legislature of framing a rule and procedure that will be reasonable and just to all parties, and no evils are to be apprehended from the exercise by the courts of the power in this respect which the legislature has committed to them by section 187 aforesaid. In my opinion, the court below should not have granted the motion to strike out the costs, except upon a showing that they were not legally allowable. The appellant has followed the plain letter of the statute and the effect of the majority decision will be that she will be now entirely deprived of her costs, and this is done by means of a strained and unnatural construction adopted to avoid a difficulty which does not exist.