BAUM, RESPONDENT, *v.* NORTHERN PACIFIC RY. CO., DEFENDANT; SATHRE, INTERVENER, APPELLANT.

(No. 3,933.)

(Submitted September 16, 1918.   Decided October 22, 1918.)

[175 Pac. 872.]

*Real Property—Conveyances—Record—Constructive Notice—Possession—Tender.*

Real Property—Instruments—Record—When not Notice.
   1.   A bill of sale conveying an interest in land which was not acknowledged or proved was not entitled to record under section 4646, Revised Codes, and therefore its record imparted no constructive notice to anyone.
Same—Possession—Notice.
   2.   Where the deed under which one holds land is of record and the grantee takes possession, such possession is referable to such deed, and a subsequent purchaser is relieved from further inquiry to ascertain whether any other or different claim is asserted.
Same.
   3.   Possession of land does not alone impart actual notice of any claim or right in the party in possession, but is, at most, constructive notice such as arises from the record of a deed, and cannot impart notice of any greater claim than the occupant has.

   [As to effect of possession of real property as notice, see note in 104 Am. St. Rep. 331.]

Tender—When Unnecessary.
   4.   A tender is not necessary when it appears that it would have been refused, if made.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by A. C. Baum against the Northern Pacific Railway Company, a corporation, in which Sophia Sathre intervened. From a judgment for plaintiff and from an order denying a new trial, intervener appeals. Remanded, with directions.

*Mr. John T. Andrew* and *Mr. Edwin M. Lamb,* for Appellant, submitted a brief.

*Mr. W. D. Kyle,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY, delivered the opinion of the court.

By an instrument in writing dated August 21, 1901, the Northern Pacific Railway Company contracted to sell to Rees and Brigman the north half and southwest quarter of section 3, township 2 north, range 8 west, in Silver Bow county, for the sum of $1,093.54, payable $108 in cash and the balance in ten installments with interest; the purchasers to pay all taxes assessed against the land from the date of the agreement. On August 22, Rees, in consideration of $850 cash, executed and delivered to Sophia Sathre a bill of sale for certain personal property and all his right, title and interest in and to "the northwest quarter of section 10, township 2, range 8 west." On the same day, Brigman, in consideration of $850 cash, executed and delivered to Mrs. Sathre a deed by which he conveyed an undivided half interest in and to the west half of section 3, township 2 north, range 8 west, subject to the provisions of the Northern Pacific contract. Mrs. Sathre also agreed to pay, and did pay, the $108 installment on the contract. On October 21, Rees, by an indorsement on the Northern Pacific contract, assigned all his interest in that contract to Brigman. On November 13, the bill of sale from Rees to Mrs. Sathre was filed with the county clerk and recorder. On November 14 Brigman, in consideration of $2,300, delivered to

Mrs. A. C. Baum the Northern Pacific contract, and at the same time executed and delivered to her a deed by which he assumed to convey to her all his right, title and interest in and to the northeast quarter and an undivided half interest in the west half of section 3, township 2 north, range 8 west. Mrs. Baum also assumed and agreed to pay the remaining installments due under the contract. On November 20, the deed from Brigman to Mrs. Sathre was filed for record. Mrs. Baum paid the deferred installments on the contract as they became due, paid all taxes assessed against the land, and then demanded a deed. The railway company refused because of some claim made by Mrs. Sathre, and Mrs. Baum, as assignee of Rees and Brigman, instituted this suit to enforce specific performance of the contract. Mrs. Sathre intervened and set forth her claim to the southwest quarter of section 3, by virtue of her transactions with Rees and Brigman. The railway company assumed the attitude of an indifferent stakeholder, ready to make conveyance to whomever was found to be entitled thereto. The trial of the cause resulted in a judgment in favor of plaintiff, and the intervener has appealed from that judgment and from an order denying a new trial.

There is not any substantial conflict in the evidence, and the only question presented is: What are the relative rights of plaintiff and intervener as disclosed by the record?

It may be assumed as established that Mrs. Baum intended to purchase all the interests of Rees and Brigman—intended to take an assignment of the Northern Pacific contract in its entirety—and that by fraud or mistake the written evidence of the assignment erroneously described the interest conveyed. Likewise, it may be assumed that Mrs. Sathre intended to purchase all the interests of Rees and Brigman in the southwest quarter of section 3; that is, to take an assignment of the Northern Pacific contract in so far as it related to the particular quarter-section, and as a part of the consideration, to pay to the railway company the proportional part of the subsequent installments chargeable to that tract, and that by mis-

take or inadvertence the interest was described erroneously. [1] The bill of sale from Rees was not acknowledged or proved, as required by section 4646, Revised Codes, and was not entitled to be recorded.    -

The deed from Brigman to Mrs. Sathre ·was not filed for record until after Mrs. Baum purchased, but the evidence is undisputed that Mrs. Sathre was in actual possession of at least a portion of the southwest quarter of section 3 at the time Mrs. Baum acquired her interest, and that Mrs. Baum had actual knowledge that some one other than her grantor was occupying the buildings on this quarter-section, at the time she purchased, and that she made no inquiry to ascertain by what right such possession or occupancy was held. If the conveyance from Rees to Mrs. Sathre had been admissible to record and had been recorded, it would not have given any notice, since it described land in another section. If the deed from Brigman to Mrs. Sathre had been recorded, Mrs. Baum would have been charged with notice of its contents (sec. 4683, Rev. Codes) ; that is to say, she would have been charged with knowledge that an undivided one-half interest in the west half of section 3 had been transferred to Mrs. Sathre; and since the [2] Brigman deed is such a conveyance that under it Mrs. Sathre would have been entitled to possession, though it conveyed but an undivided half interest (38 Cyc. 17), Mrs. Baum might then have referred the possession to this deed and would have been relieved from further inquiry to ascertain whether any other or different claim was asserted. (*Hurley* v. *O'Neill*, 26 Mont. 269, 67 Pac. 626.)

What, then, was the effect upon Mrs. Baum's purchase of the possession held by Mrs. Sathre, under the conveyance from [1] ·Rees and Brigman? Since the bill of sale was not entitled to be recorded, the record of it imparted no constructive notice whatever (39 Cyc. 1733; note, Ann. Cas. 1913B, p. 1070) ; but the conveyance itself was valid as between Rees and Mrs. Sathre (section 4687, Rev. Codes). So, likewise, the unrecorded Brigman deed was valid as between the parties to it.

(*Id.*) In *Mullins* v. *Butte Hardware Co.*, 25 Mont. 525, 87 Am. St. Rep. 430, 65 Pac. 1004, this court adopted the theory of the law approved by Pomeroy, as follows: ''The law is well settled that the actual, visible, notorious, continuous, exclusive and unequivocal possession of 'a definite tract of land by one rightfully in possession or holding under a valid title is a constructive notice to subsequent purchasers and encumbrancers of whatever estate or interest in the land is held by the occupant, equivalent in its extent and effects to the notice given by the recording or registration of his title.' (2 Pomeroy's Equity Jurisprudence, 3d ed., sec. 615.) ''

Possession alone does not impart actual notice of any claim or right in the party in possession. At most, it is but con-[3] structive notice such as arises from the record of a deed, and from the very nature of the case it cannot impart notice of any greater claim than the occupant has. Mrs. Sathre's possession was *prima facie* evidence of some claim or right, sufficient of itself to put Mrs. Baum upon inquiry; and, since she made no inquiry, the title which she subsequently acquired must be held to be subordinate to any claim which Mrs. Sathre has shown that she could establish. (*Phelan* v. *Brady*, 119 N. Y. 587, 8 L. R. A. 211, 23 N. E. 1109.)

Though Mrs. Sathre relies exclusively upon the conveyances from Rees and Brigman as the sources of her title, and though she insists that by mistake or inadvertence each of those instruments incorrectly describes the interest which she intended to purchase, she fails altogether to disclose that the mistake was mutual or made under such circumstances that a court of equity could decree correction. (Sec. 6108, Rev. Codes.) The evidence discloses that Mrs. Sathre discovered the alleged mistake in each conveyance to her soon after it occurred, but made no effort to have it corrected prior to the time this action was commenced, or until long after the bar of the statute of limitations was available as a defense. (Sec. 6449, Rev. Codes.) So far as this record goes, the bill of sale and deed describe the only interest which she could ever establish. She disclaims

any interest in the northwest quarter, and her title to the southwest quarter is limited to an undivided one-half interest therein.

The failure of Mrs. Sathre to make tender of the amount due for her proportional part of the purchase price, interest and **[4]** taxes is excused by the conduct of Mrs. Baum. A tender is not necessary when it appears that it would have been refused, if made. (*Armstrong* v. *Poe*, 35 Mont. 557, 90 Pac. 758.)

The equities of the case require that the intervener pay to plaintiff the just proportion of the purchase price and taxes with interest, and that she account for rents, issues and profits received from her possession; that these be adjusted; and that the decree.be then modified to direct a deed from the railway company to Mrs. Baum for the north half and an undivided one-half interest in the southwest quarter of section 3, and a deed to Mrs. Sathre for an undivided one-half interest in the southwest quarter of the same section.

A new trial is unnecessary, and the motion denying it is affirmed.

The cause is remanded to the district court, with directions to take such supplementary proof as is necessary, and to modify the decree in accordance with the views herein expressed.

*Remanded with directions.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.