STATE ex rel. BULLARD, Relator, *v.* DISTRICT COURT
ET AL., Respondents.

(No. 6,612.)

(Submitted December 9, 1929.   Decided January 8, 1930.)

[284 Pac. 125.]

*Mr. W. C. Husband* and *Mr. C. A. Spaulding,* for Relator, submitted a brief; *Mr. Spaulding* argued the cause orally.

*Mr. Emmet O'Sullivan,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The remittitur in *Bullard* v. *Zimmerman,* 82 Mont. 434, 268 Pac. 512, wherein a judgment in favor of the defendants was

reversed, was filed with the clerk of the district court of Wheatland county on July 6, 1928, in which court the appeal originated. Plaintiff and defendants continuously have been represented by counsel at Helena, as well as at Harlowton, the county seat of Wheatland county. On July 10 plaintiff's Helena counsel prepared and duly verified a memorandum of plaintiff's costs on appeal, served the same upon defendants' Helena counsel, and on that day forwarded the original memorandum by mail to the clerk of the court at Harlowton, by whom it was received and filed on July 11, 1928. On August 8, 1928, defendants served and filed their motion to strike the memorandum from the files on the ground that the same was not "delivered to the clerk, filed, and served upon said defendant or his attorneys, in the manner, order, and time as required by law or at all." After consideration the court, on November 13, 1929, sustained the motion. Plaintiff then applied to this court for an order to show cause, directed to the respondent court and judge, requiring them to show cause why a writ of supervisory control should not be issued by this court, commanding them to annul the order striking plaintiff's memorandum of costs on appeal from the files. Plaintiff's petition is challenged by a motion to quash the order to show cause, and an answer. In both pleadings it is asserted that the petition fails to state facts sufficient to warrant the relief sought.

1. Section 9805, Revised Codes 1921, provides that, "whenever costs are awarded to a party by an appellate court, if he claims such costs, he must, within thirty days after the remittitur is filed with the clerk below, deliver to such clerk a memorandum of his costs, verified as prescribed in section 9803, and thereafter he may have an execution therefor as upon a judgment."

This section does not contain any direction for the service of the memorandum upon the adverse party, but as pointed out in *State ex rel. Riddell* v. *District Court*, 33 Mont. 529, 85 Pac. 367, the person against whom the costs are sought to be taxed must have notice of the claim presented by his

adversary or else the section is unconstitutional. It was suggested in *State ex rel. Hurley* v. *District Court*, 27 Mont. 40, 69 Pac. 244, and held directly in *State ex rel. Riddell* v. *District Court*, supra, that the methods provided in section 9803 should be resorted to in order to save 9805 from the denunciation of unconstitutionality. In construing identical statutes the *Riddell Case* was followed in *Bell* v. *Superior Court*, 150 Cal. 31, 87 Pac. 1031.

Section 9803 provides that "the party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk, and serve upon the adverse party, within five days after the verdict or notice of the decision of the court, * * * a memorandum of the items of his costs and necessary disbursements in the action," properly verified. "A party dissatisfied with the costs claimed may, within five days after notice of filing of the bill of costs, file and serve a notice of a motion to have the same taxed by the court in which the judgment was rendered, or by the judge thereof at chambers."

The question presented in the case at bar never hitherto has been squarely before this court. While, following our own cases cited above, we shall treat sections 9803 and 9805 as analogous statutes and look to section 9803 for procedural directions, we are not disposed to go further and to read into that section provisions which are not there.

Rules of practice should be fixed in substance, but flexible in application. Statutes regulating practice—rules prescribed by legislative fiat—are generally hard and fast in their operation, excluding that pliability which is so essential to equal and speedy justice. To make the situation worse, the courts generally have exhibited a marked tendency to construe statutes relating to procedure as mandatory, rather than directory, with strictness rather than liberality.

Section 9803 undertakes to prescribe a simple process, yet its provisions are not clear. That which is intended seems plain enough. We shall therefore construe it liberally, with a view to effect its object and promote justice. (Sec. 4,

Rev. Codes 1921.) A party in whose favor judgment is rendered and who claims his costs must deliver to the clerk and serve upon the adverse party within a reasonable time— within five days under section 9803 and within thirty days under section 9805—a memorandum of the items of his costs and necessary disbursements in the action, verified in a certain way. His adversary, if dissatisfied with the costs claimed, may, within five days after notice of the filing of the bill, himself file and serve a notice of motion to have the same taxed by the court.

There is no implication here that the party who claims his costs must deliver to the clerk the memorandum of costs before he delivers the same to his adversary, or vice versa. Clearly the order of service is immaterial. This is demonstrated by referring to the latter part of the section, where it is provided that the person against whom it is sought to tax the costs is given five days after *notice of the filing* of the cost bill within which to object to it. The reason frequently ascribed for the construction given to appeal statutes, referred to later, that the service of a "copy" was required (upon the hypothesis, presumably, that the copy would show the filing marks upon the original), is lacking here.

Respondents rely upon *Berry* v. *City of Helena,* 56 Mont. 122, 182 Pac. 117, 118, in which the question arose under section 7170 (Rev. Codes, 1907), now 9803, wherein the court used the following language: "Counsel for appellant contends that the memorandum of costs must be filed before it is served, citing section 7170, Revised Codes. The record discloses that the memorandum was served and filed upon the same day, and the service and filing will be treated as contemporaneous acts. (*Bacon* v. *Lamb,* 4 Colo. 474; *Wright* v. *Ross,* 26 Cal. 263.) In construing a statute similar in its terms to section 7170, this court has held that the filing must precede or be contemporaneous with the service. If the two acts are performed contemporaneously, the statutory requirement is satisfied. (*Courtright* v. *Berkins,* 2 Mont. 404;

*State ex rel. Hall* v. *District Court,* 34 Mont. 112, 115 Am.. St. Rep. 522, 9 Ann. Cas. 728, 85 Pac. 872.)''

The postulate that section 7170 (9803) was similar in terms to the statutes construed in *Courtright* v. *Berkins* and *State ex rel. Hall* v. *District Court* was erroneous. And it is notable that in the *Berry Case* the court did not give any consideration to the latter part of section 7170 (9803), but treated the same as if the controlling words of the section were ''must deliver to the clerk and serve upon the adverse party.'' This being so, the question before the court was disposed of by the assertion: ''The record discloses that the memorandum was served and filed upon the same day, and the service and filing will be treated as contemporaneous acts.'' The language following that sentence was unnecessary to the decision, and we are convinced that it does not state the law. *Courtright* v. *Berkins,* 2 Mont. 404, related to an attempted appeal from the district court to the supreme court. The territorial court held that the filing of the notice of appeal must precede or be contemporaneous with the service of a copy thereof to render an appeal effective. Within a year the legislature amended the section upon which the decision was based to provide that the order of service is immaterial. (Laws 1877, p. 150, sec. 409.)

*State ex rel. Hall* v. *District Court,* 34 Mont. 112, 115 Am. St. Rep. 522, 9 Ann. Cas. 728, 85 Pac. 872, was an attempted appeal from a justice's court to a district court. In that case this court refused to follow the decisions of California, holding, upon a practically identical statute (we took our statute from California), that the order of service was immaterial (*Coker* v. *Superior Court,* 58 Cal. 177; *Hall* v. *Superior Court,* 68 Cal. 24, 8 Pac. 509; Id., 71 Cal. 550, 12 Pac. 672), preferring to follow the doctrine of *Courtright* v. *Berkins* and other cases cited in the *Hall Case* referring to appeals from district to supreme courts. The *Hall Case,* evidently upon the doctrine of *stare decisis,* was followed in *McCauley* v. *Jones,* 35 Mont. 32, 88 Pac. 572. Regardless of the merits of the opinion in the *Hall Case,* after the profession had experienced

the difficulty of complying with the rule therein announced the legislature amended the statute by adding the words "the order of serving and filing is immaterial." (Sec. 1, Chap. 4, p. 8, Laws 1911.)

In view of the foregoing history, in which the legislative intent has been shown in no uncertain terms in two instances, and of the language of section 9803, with particular reference to the last sentence of that section, and of the purpose and intent of the section, we decline to follow, and disapprove, the rule indicated in *Berry* v. *City of Helena*.

The party against whom costs are sought to be taxed must be served with the memorandum, and he must have notice of the filing thereof with the clerk of the court. We think the notice need not be given in any prescribed way. It may be given by service of a copy of the memorandum already filed with the clerk, showing the date of filing; or by a letter transmitting the memorandum stating the date when the original was filed with the clerk (*Griffith* v. *Welbanks & Co.*, 26 Cal. App. 477, 147 Pac. 986); or by formal service of notice of the fact (sec. 9779, Rev. Codes 1921; *State ex rel. Cohn* v. *District Court*, 38 Mont. 119, 99 Pac. 139). Doubtless the party entitled to notice may waive it. (*Mallory* v. *See*, 129 Cal. 356, 61 Pac. 1123; compare *Miles* v. *Miles*, 76 Mont. 375, 247 Pac. 328.) Here filing the memorandum and service thereof were within thirty days after the remittitur was filed. No complaint is made by defendants of want of notice of filing. The sole complaint is that filing and service of the memorandum were not in proper sequence.

The court is not to be blamed for following *Berry* v. *City of Helena*, but, for the reasons given above, in striking the memorandum from the files, it fell into error.

It is alleged in respondents' answer that counsel for the plaintiff in the oral argument conceded that, if section 9803 "controlled entirely the matter of filing and serving the cost bill, the filing must precede or be simultaneous with the service of a copy thereof." Section 9803 does not "control entirely" the filing and service of the cost bill provided for

in section 9805, for these sections provide different periods for filing, and, consequently, serving, cost bills; but, even if 9803 did control entirely, we fail to see how this "concession" of counsel can be held to bind a court asked to apply to a statute its proper construction. This would be extending the doctrine of "the theory of the case" to an unwarranted limit.

2. It is argued that this proceeding cannot be maintained ▆▆▆▆ because plaintiff had a remedy by appeal, and therefore neither supervisory control nor certiorari will lie.

It is true that under section 9805, Revised Codes 1921, the party entitled to costs may have execution therefor as upon a judgment. (*State ex rel. Hurley* v. *Disrict Court*, supra; *State ex rel. Coffey* v. *District Court*, 74 Mont. 355, 240 Pac. 667.) But it does not follow from the fact that a party may have execution, "as upon a judgment," that the unattacked, or settled, cost bill constitutes a judgment from which an appeal will lie. An order taxing costs under the provisions of section 9803—that is, the taxing of costs following a trial in the district court—can only be reviewed upon an appeal from the judgment. (*State ex rel. Pierson* v. *Millis*, 19 Mont. 444, 48 Pac. 773; *Ferris* v. *McNally*, 45 Mont. 20, 121 Pac. 889; *In re Williams' Estate*, 52 Mont. 366, 157 Pac. 963; *Jones* v. *Great Northern Ry. Co.*, 68 Mont. 231, 37 A. L. R. 754, 217 Pac. 673.)

In *Ryan* v. *Maxey*, 15 Mont. 100, 38 Pac. 228, it was held that an order taxing costs after the affirmance of a judgment by the supreme court upon return of the remittitur is a special order made after final judgment, and is therefore appealable. The affirmance of the judgment made it final; there was a judgment. But here the judgment was reversed, and when the remittitur was filed there was no judgment. There is no statutory provision permitting an appeal from the order made in this case. The order striking the memorandum from the files was not a judgment, within the contemplation of *State ex rel. Heinze* v. *District Court*, 28 Mont. 227, 72 Pac. 613. And see *Ringling* v. *Biering*, 83 Mont. 391, 272 Pac. 688.

The court had jurisdiction to consider the question presented and, acting within jurisdiction, erred in its order. The justice of plaintiff's cause is manifest. He is entitled to his rightful costs upon the appeal. No objection was made to any item in the cost bill, and presumably the sum claimed is correct. It does not appear that plaintiff has a remedy by appeal, or by any other writ, except supervisory control. The writ of supervisory control is designed to remedy manifest wrongs which cannot otherwise be righted. (*State ex rel. Larsen* v. *District Court*, 78 Mont. 435, 254 Pac. 414; *State ex rel. Peel* v. *District Court*, 59 Mont. 505, 197 Pac. 741, and cases cited.)

The district court is directed to forthwith set aside its order striking plaintiff's cost bill from the files. Writ granted.

ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.

MR. JUSTICE GALEN, absent on account of illness, did not hear the argument and takes no part in the foregoing decision.