BERGER, RESPONDENT, v. JOHNSON ET AL., APPELLANTS.
(No. 8447.)
(Submitted May 11, 1944. Decided June 17, 1944.)
[151 Pac. (2d) 586.]

*Messrs. Swanberg & Swanberg,* for Appellants, submitted an original and a supplemental brief; *Mr. Stephen M. Swanberg* argued the cause orally.

*Messrs. Church & Harris,* for Respondent, submitted an original and a supplemental brief; *Mr. G. G. Harris* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

272

Defendants Oscar H. Johnson and wife appeal from a decree quieting plaintiff Berger's title to approximately 160 acres of land bought by him from Cascade county, which had taken it from the above-named defendant by tax deed in 1936. The latter had acquired the land in 1917 and, except for the years 1935 and 1936, farmed it continuously until the autumn of 1942. His possession, after he lost the land by tax deed, was by a lease from the county which was on file in the office of the county clerk and recorder, and which included the following provision: "It is hereby agreed by and between the parties hereto that in the event this property is placed for sale, that the party of the second part will receive due notice of the intention of the party of the first part to sell the same and that he may at any time during the terms of this lease purchase this property at the appraised price as placed by the board."

The plaintiff admits knowing when he bought the land from the county that defendant Oscar H. Johnson was its former owner and was then farming it. He admits that he made no inquiry of defendant or of the county officials concerning defendant's interest but contends that the above-quoted provision of the lease was void. The trial court sustained plaintiff's contention and accordingly rendered its decree in his favor.

After the taking of tax deed, the property was appraised in 1936 at $320 and was offered for public sale without receiving a bid. In 1938 defendant was asked by the county officials if he desired to buy the land but he replied that he had not the necessary money. It was reappraised in 1939 at $160, and was again offered for public sale without any bid being received. Subsequently on February 14, 1942, plaintiff purchased the land at private sale for $144, which was the statutory minimum of ninety per cent. of the appraised price. No notice was given defendant prior to the sale. Defendant alleged and testified that if he had been notified of the sale he could and would have offered $144 for the land, and under court order defendant paid that amount to the clerk of the court with interest at the rate of six per cent. per annum from February 14, 1942, to be

held pending the outcome of the cause. The defendants had by cross-complaint in this action sought judgment cancelling the county's deed to plaintiff upon defendants' payment to plaintiff of the sum paid by him for the land.

It is clear that the defendant Oscar H. Johnson's possession and use of the land was constructive notice to plaintiff that the defendant claimed some right or interest in it (*Box Elder Livestock Co.* v. *Glynn,* 58 Mont. 561, 193 Pac. 1117), that upon inquiry of defendant or investigation of the county records he would have learned of defendant's rights under the lease, and that he cannot therefore be considered an innocent purchaser as against any rights given defendant under the lease agreement. (*Baum* v. *Northern Pacific R. Co.,* 55 Mont. 219, 175 Pac. 872; *McKeen* v. *Brooks,* 55 Mont. 483, 178 Pac. 745.) In the last-named case it was held that the lessees' possession charged the purchaser with constructive notice of any interest which they could establish.

The paragraph quoted above purported to give defendant two continuing rights: first, the right "to receive due notice" of the county's intention to sell the land; second, the right to buy the land at the appraised price. Requirement of due notice would be meaningless if construed to promise only the notice required to the general public by law, and it clearly entitled him to actual notice so that he could avail himself of any right or opportunity which the knowledge would have enabled him to take which obviously included both the option right (assuming that it was valid), and the opportunity to offer the statutory minimum of ninety per cent. of the appraised price and, if necessary, to compete with other prospective purchasers in further offers.

Plaintiff's contentions are that the notice and option provisions are invalid because they conflict with the board's duty to obtain the best price obtainable, (sec. 2208.1, Rev. Codes, as modified by Chapter 193, Laws of 1939), and because they are not expressly authorized by the legislature. The first contention may be true as to the option feature, but we need express

no opinion as to that since the defendant makes no claim under it but, on the contrary, claims only his right to prior notice so that he himself could have made the minimum bid. But that contention is clearly not correct as to the provision for notice, which could not have interfered with the board's duty to realize the best possible price but on the contrary might have increased the price by resulting in competitive bids. As for the second contention, section 2208.1 both before and after the 1939 amendment, authorized the board to lease these lands "upon the best terms obtainable," with certain definite limitations. The provision for prior notice of sale contravened neither those express limitations nor the board's duty to obtain the best price obtainable upon a sale, and nothing appears in the record to indicate that the terms of the lease, including that provision, were not "the best terms obtainable." We cannot, therefore, conclude that the provision for notice was beyond the board's powers in making the lease. On the contrary, it is valid and clearly in the public interest. Since plaintiff could and should have learned of defendant's right to such notice, with the benefits and opportunities that would have accompanied it, he cannot as against defendant claim to be an innocent purchaser.

But this will not entitle defendant to a deed from the county, whose board of county commissioners is under the duty of accepting the highest offer submitted if it sees fit to make a sale of the property.

Defendant does not contend that he is entitled to buy the land for the $144 and interest, for the notice would not have entitled him absolutely to buy at that price, but would merely have enabled him to offer that amount, the statutory ninety per cent. of the appraised price, and then to compete further in the event a higher offer were made by plaintiff or any other bidder. In any event, since neither the county nor its board of county commissioners is a party to this suit, the defendant's rights as against the county cannot be adjudicated here.

The deed from the county to the plaintiff should, however, be cancelled; defendants should be awarded their costs in

the trial court and upon this appeal, and after payment thereof the remainder of defendant's deposit of $144 and interest should be paid to plaintiff by the clerk of court. Plaintiff will then have no interest in the $144 paid by him to the county.

It is therefore ordered that the decree appealed from be reversed and that the trial court be directed to enter a decree as prayed for in the cross-complaint, cancelling the deed from Cascade county to plaintiff and awarding the defendants their costs and ordering the payment of the balance of defendant's deposit to plaintiff.

ASSOCIATE JUSTICES ERICKSON, ANDERSON, MORRIS and ADAIR concur.

Rehearing denied October 3, 1944.