KELLY, Respondent, *v.* KELLY et al., Appellants.

(No. 6,761.)

(Submitted December 15, 1930. Decided February 28, 1931.)

[297 Pac. 475.]

*Mr. T. A. Mapes, Mr. G. A. Horkan* and *Mr. I. W. Choate,* for Appellants.

*Mr. F. F. Haynes* and *Mr. P. E. Geagan,* for Respondent.

MR. JUSTICE FORD delivered the opinion of the court.

This is an appeal by defendants from a special order made after judgment in cause No. 6672, this day decided (see p. 229, infra, 297 Pac. 470), overruling defendants' objections to the settlement of plaintiff's bill of exceptions.

Decree in cause No. 6672 was entered on September 12, 1929, ██ awarding plaintiff judgment in the sum of $66.42. On February 10, 1930, the clerk of the district court delivered to attorneys for plaintiff and defendants a "notice of entry of judgment," formally notifying them that judgment had been signed on September 10, 1929, and filed and entered on September 12. On February 20, 1930, the judge presiding in the cause entered an order granting plaintiff thirty days' additional time within which to prepare and file a bill of exceptions. On March 17, 1930, and within the time specified in the order extending time, plaintiff presented for settlement her

proposed bill of exceptions. Defendants objected to the settlement of the proposed bill of exceptions upon the ground that the same was not presented within the time allowed by law; that the notice of entry of judgment given by the clerk of the court on February 10 was a nullity and the court was without authority to grant plaintiff additional time to serve and file a bill of exceptions and was without jurisdiction to settle the same.

A hearing was had by the court upon defendants' objections, and it appears that the decree was sent by Judge Baker, the judge presiding, to the clerk of the court and received by the latter on the morning of September 12, 1929. There is some conflict in the testimony as to what was done by the clerk's office with reference to the delivery of a copy of the court's findings and decree to plaintiff's counsel, but it does appear that within a few days after the entry of decree counsel for plaintiff received a copy of the findings and decree. The fee for the entry of the decree was paid by Mr. Haynes, one of plaintiff's attorneys, about October 1, 1929. Defendants' objections were overruled and they appeal from the order.

It is argued that since counsel for plaintiff had knowledge of entry of the decree in her favor, that was ''sufficient to start the running of the 15 days' time for the presentation of the bill of exceptions specified in section 9390, Rev. Codes, and in consequence the court's order granting 30 days' additional time was in excess of jurisdiction and void.'' The contention is not tenable. ''The party appealing from a final judgment, if he desires to present on appeal the proceedings had at the trial, must within 15 days after the entry of judgment, if the action was tried with a jury, or after receiving notice of the entry of judgment, if the action was tried without a jury, * * * prepare and file with the clerk of the court and serve upon the adverse party a bill of exceptions,'' etc. (Sec. 9390, Rev. Codes 1921.) The ''notice'' referred to in this section is not synonymous with ''knowledge,'' and, as used, contemplates a written

notice served in the method prescribed by law. (*State ex rel. Cohn* v. *District Court,* 38 Mont. 119, 99 Pac. 139; *Miles* v. *Miles,* 76 Mont. 375, 247 Pac. 328; see, also, *State ex rel. Bullard* v. *District Court,* 86 Mont. 358, 284 Pac. 125.)

The court properly overruled defendants' objections, and the order is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.