Norris B. Gregg, Jr. v. Commissioner.
Gregg v. Commissioner
Docket No. 3166.
United States Tax Court
1944 Tax Ct. Memo LEXIS 120; 3 T.C.M. (CCH) 950; T.C.M. (RIA) 44295; September 14, 1944
*120 Gustave A. Stamm, Esq., 1018 Federal Commerce Tr. Bldg., St. Louis, Mo., for the petitioner. John E. Marshall, Esq., for the respondent. SMITH Memorandum Findings of Fact and Opinion SMITH, Judge: This proceeding is for the redetermination of deficiencies in income tax for 1939, 1940, and 1941 of $7,145.53, $8,427.38, and $9,762.79, respectively. The questions in issue are (1) whether the respondent erred in including in gross income the net income of a trust created by the petitioner in 1934 for the benefit of his wife and daughter in the amounts of $12,913.13 for 1939, $13,455.41 for 1940, and $14,970.54 for 1941, and (2) whether the respondent erred in including in petitioner's net income for 1940 $69.31 representing interest received upon a deposit made in a savings bank for the benefit of his daughter, and for 1941 interest of $13.87 and dividends of $371.50 and $118.80 received on securities owned by his daughter. Findings of Fact The petitioner and Eloise Higgins Gregg are husband and wife and the parents of Kate May Gregg, now 11 years of age. They live at 36 Westmoreland Place, St. Louis, Missouri, and petitioner filed his income tax returns for the tax years in question *121 with the collector of internal revenue at St. Louis. On November 26, 1934, petitioner, as grantor, executed an indenture of trust transferring to his attorney, Gustave A. Stamm, and his wife as trustees 12 blocks of stock having a then market value of $59,904.87. The trust instrument provides: (a) The powers and duties of the trustees are set forth in the first clause. The trustees are given broad discretionary powers in the handing of the trust assets and in the control and management of the trust estate. (b) Under the second clause the trustees are "fully authorized and empowered to distribute among the beneficiaries of this trust estate designated in the Fourth Clause hereof such amounts of either the income or corpus of this trust estate as the Trustees may in their sole discretion from time to time determine." (c) The third clause provides that the trust shall continue until Eloise Higgins Gregg, wife of the grantor, and all of the children born of the marriage between the grantor and the said Eloise Higgins Gregg, who are in being at the date of the execution of the trust indenture, shall have died. Upon the death of the last of such designated persons, the trust shall *122 terminate and the corpus, together with all accrued and undistributed net income then remaining, shall be distributed to the descendants of the grantor, if any, otherwise in equal shares to certain named cousins of the grantor or their descendants. (d) The Fourth clause provides: "Fourth: The beneficiaries of this trust entitled to receive distributions of income and corpus in accordance with the provisions of the Second Clause hereof shall comprise Eloise Higgins Gregg, wife of the Grantor, and all children born of the marriage between the Grantor and the said Eloise Higgins Gregg, share and share alike, provided each of said beneficiaries be living at the time of each distribution whether the distribution comprise income or corpus or both. If any of the Grantor's children shall die during the continuance of the trust leaving descendants of such deceased child surviving, such descendants shall take the share of such deceased child of the Grantor per stirpes. If any of the children of the Grantor, or any of the descendants of any deceased child of the Grantor, entitled to share in any distribution, whether of corpus or income hereunder, shall at the time of such distribution be under *123 the age of twenty-one (21) years, the Trustees hereof shall retain his or her share of said distribution with full power and authority to use and apply for his or her education, maintenance, or support such sum or sums of the net income or principal thereof as the Trustees may deem to be for his or her best interests until he or she attains twenty-one (21) years of age, whereupon the Trustees shall transfer and deliver to such beneficiary all of the property, both principal and income, then held hereunder for his or her benefit, and if such beneficiary for whom such portion of the trust estate is held in trust during minority, as herein provided, shall die before attaining twenty-one (21) years of age, and without leaving descendants surviving, then all of the property, both principal and accrued and undistributed net income, held hereunder for the benefit of such beneficiary at his or her death shall be transferred to his or her heirs, in accordance with the then laws of descent and distribution of the State of Missouri." (e) The trust indenture contains a spendthrift provision, clause Seventh thereof providing that the beneficiaries shall have no power to sell, assign, pledge, *124 mortgage or otherwise dispose of their interests. The grantor reserved no right to modify or revoke in whole or in part any provision of the trust indenture, nor did he reserve any right or interest with regard to the control or management of the trust estate, nor was any right, title or interest of any kind in or to either the corpus or income reserved by the grantor. Provision was made for successor trustees in the event either of the named trustees should for any reason fail to continue to act as trustees. On January 4, 1935, petitioner transferred to the trustees as additional assets of the trust estate three additional blocks of stock of a then market value of $5,426, and on November 12. 1935, two additional blocks of stock of the then market value of $129,272.50. Petitioner filed a gift tax return for the calendar year 1934 covering the 12 blocks of stock transferred to the trust on November 26. 1934, and paid a gift tax of $107.76. He filed a gift tax return for the calendar year 1935 covering three blocks of stock transferred to the trust on January 4, 1935, and of the two blocks of stock transferred to the trust on November 12, 1935, paying a gift tax shown to be due thereon *125 of $9,121.74. Petitioner filed his personal income tax return for the calendar year 1934, showing taxable net income of $59,542.17, which included in gross income dividends of $70,628.42 received by him from stocks in 1934. He filed his personal income tax return for 1935 showing taxable net income of $81,857.40, which included in gross income dividends of $89,195.84 received by him from stocks in 1935. During the calendar years 1939, 1940, and 1941, distributions of trust income were made to the wife and daughter as follows: Total
Amount Paid
Amount Paid
Year
Distributed
to Wife
to Daughter
1939
$ 4,000
$ 2,000
$ 2,000
1940
7,000
3,500
3,500
1941
15,200
7,600
7,600
$26,200
$13,100
$13,100
No income of the trust during the taxable years 1939, 1940 and 1941 was distributed or paid by the trustees to the petitioner. No portion of the $13,100 of income distributions paid to the minor daughter during those years was used for the support, education or maintenance of the daughter. As distributions of trust income were made during the years 1939, 1940 and 1941 the amounts thereof payable to the wife were paid directly to her by the trustees; and the share *126 thereof payable to the minor daughter was paid directly to said minor and deposited to said minor's credit in a savings account belonging to said minor from which funds were withdrawn from time to time for the purchase of securities for her, none thereof having been used for her support, education or maintenance. The savings accounts for the daughter were captioned "Norris B. Gregg, Jr., Trustee for Kate May Gregg" or "Eloise Higgins Gregg, Trustee for Kate May Gregg." Under date of March 14. 1941, the petitioner executed the following trust indenture: "I, the undersigned, Norris B. Gregg, Jr., of the City of St. Louis, State of Missouri, do hereby declare that I hold as Trustee for my daughter Kate May Gregg, a minor, for her use and benefit during her minority the 100 shares of 4% preferred stock of Monsanto Chemical Company represented by the stock certificate issued to me as Trustee for my said daughter; also any sums of money on deposit in any savings account whether in the name of my daughter Kate May Gregg or in my name as her Trustee, as well as any other securities which may hereafter be acquired or issued in my name as Trustee for my said daughter. "I further declare that *127 all of the foregoing property, whether cash or securities. belonging to this trust, were acquired with funds received by my said daughter as her distributive share of the income of the trust estate created by me by the indenture of trust dated November 26, 1934, the same being therefore purchased with funds belonging to my said daughter. "The income derived from any property comprised in this trust shall be used and applied by the Trustee hereof for the support, education and/or maintenance of said minor beneficiary from time to time as to the Trustee shall seem reasonable and necessary and consistent with said minor's welfare. "The Trustee hereof is authorized to sell, mortgage, pledge, exchange, rent, invest, reinvest or in any other manner to manage, control, handle or dispose of the whole or any part of said trust estate, real or personal, including all income, profits and gains derived therefrom as fully as though the Trustee were the absolute owner thereof; and said Trustee is authorized to invest the funds of this trust estate, whether principal or income, from time to time, in such stocks, common and preferred, bonds, notes, securities, or other property, real or personal, *128 whether of the class or kind now or hereafter ordinarily approved or held to be lawful for the investment of trust funds or not, and in such class or classes of property, real or personal, and in such relative proportions as the Trustee may in his or her discretion determine and select, it being my intention that said Trustee shall not be restricted to such classes of investments which a Trustee is or may be required by law to make. "Eloise H. Gregg, mother of said minor, is hereby designated as successor Trustee hereunder to succeed the undersigned in the event the latter shall for any reason cease to be Trustee. "Executed at the City of St. Louis, Missouri, this 14th day of March, 1941. "Norris B. Gregg, Jr." Petitioner's personal income tax return for the year 1939 based upon income derived by him from his own personal securities, exclusive of the trust income here in question, shows taxable net income of $82,905.63, which includes in gross income dividends of $87,030.70 received by him from stocks which he continued to own personally. His income tax return for 1940, similarly made, shows taxable net income of $76,154.45, which includes in gross income dividends of $86,769.27 *129 received by him from stocks which he continued to own personally, and that for 1941 shows taxable net income of $63,489.69, which includes in gross income dividends of $68,685.08 received by him from stocks which he continued to own personally. Petitioner is not a professional man nor an officer of any corporation. His main business is looking after his investments. Hit net worth at the time of the execution of the trust indenture of November 26, 1934, was approximately $1,200,000. The trustees, Gustave A. Stamm and Eloise Higgins Gregg, maintained an account for the trust at the First National Bank, in St. Louis, from which funds were drawn. Checks on trust funds were signed by herself and Gustave A. Stamm as trustee. The records of the trust estate were kept in the office of Stamm. The decisions as to what securities should be purchased and what should be sold were made by the trustees. Petitioner had no connection with the management and control of the trust. The petitioner paid to his wife from $1,500 to $2,000 per month which the wife used in payment of all family expenses, including the maintenance, education and support of the daughter. Opinion It is the contention of *130 the respondent that the entire income of the trust executed by the petitioner on November 26, 1934, for the years here in question is taxable to the grantor in accordance with ; also that the petitioner is liable for interest and dividends received upon savings deposits and on stock held by him as trustee for the years 1940 and 1941. Even if it be true that this proceeding is within the ambit of the above cited case, the case clearly falls within the amendment to the revenue acts made by section 134 of the Revenue Act of 1943. That section provides as follows: SEC. 134. TRUSTS FOR MAINTENANCE OR SUPPORT OF CERTAIN BENEFICIARIES. (a) Income for Benefit of Grantor. - Section 167 (relating to income for benefit of grantor) is amended by adding at the end thereof the following subsection: "(c) Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income, in the discretion of another person, the trustee, or the grantor acting as trustee or cotrustee, may be applied or distributed for the support or maintenance of a beneficiary *131 whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. In cases where the amounts so applied or distributed are paid out of corpus or out of other than income for the taxable year, such amounts shall be considered paid out of income to the extent of the income of the trust for such taxable year which is not paid, credited, or to be distributed under section 162 and which is not otherwise taxable to the grantor." (b) Taxable Years to Which Applicable. - (1) General Rule. - Except as provided in paragraph (2), the amendments made by subsection (a) shall be applicable with respect to taxable years beginning after December 31, 1942, unless a taxable year of the trust beginning in 1942 ends within a taxable year of the grantor beginning in 1943, in which case, except as provided in paragraph (2), such amendments shall not be applicable to such taxable year of the grantor. (2) Retroactive Effect. - The amendments made by subsection (a) shall also be applicable with respect to all taxable years to which such amendments are not made applicable under paragraph (1), in the same manner as if such amendments had been *132 a part of the revenue laws applicable to such taxable years, but only if there are filed with the Commissioner (in accordance with regulations prescribed by him with the approval of the Secretary) at such time and by such persons as may be prescribed under such regulations, signed consents that there shall be paid, at such time as the Commissioner may prescribe, all of the taxes under Chapter 1 of the Internal Revenue Code or under the corresponding provisions of prior revenue laws which would have been paid for the taxable years concerned if such amendments had been a part of the revenue laws applicable to such taxable years. Respondent does not deny that this amendment serves to relieve petitioner from the deficiencies herein determined provided the petitioner complies with the regulations made pursuant to section 134. See . Decision will be entered under Rule 50.