### SKEMP v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9424.

Circuit Court of Appeals, Seventh Circuit.
June 8, 1948.

T. H. Skemp and Q. H. Hale, both of La Crosse, Wis., for petitioner.

Thereon Lamar Caudle, Asst. Atty. Gen., Sewall Key, George A. Stinson and Melva M. Graney, Sp. Assts. to the Atty. Gen., and Charles Oliphant and John W. Smith, both of Washington, D. C., for respondent.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The petitioner seeks the review of a decision of the Tax Court affirming a determination by the Commissioner of a deficiency in the petitioner's income tax for the year 1941 because of the disallowance as a business expense of $3,800 rent paid by him to the trustee he had named in a trust created by him.

The petitioner, hereafter referred to as the taxpayer, is a practicing physician in La Crosse County, Wisconsin. Prior to May 12, 1941, he owned a two-story brick building in La Crosse, in part of which he conducted his medical clinic and the rest of which was arranged for rental to other persons for general office purposes. On May 12, he created a trust for the benefit of his wife and children by conveying this building to the La Crosse Trust Company as sole trustee. The taxpayer is not in any way connected with this company as stockholder, officer, or employee.

By the terms of the trust agreement, the trust was made irrevocable and of twenty years duration unless the settlor and his wife were both to die, whereupon the trust would terminate upon a specified event. Upon the termination of the trust, the property was to be distributed among the settlor's children. The taxpayer retained no significant control over the trust but did reserve the right to rent all or a part of the building "at a rental to be determined by the trustee." It is maintained by the taxpayer, and not denied by the Commissioner, that the trust agreement complied with all the laws of Wisconsin and is a valid trust thereunder.

On the same day as the creation of the trust, the trustee and the taxpayer entered into a lease which granted the entire premises to the taxpayer for a term of ten years. The rent for the first two years was to be $500 per month, and thereafter, in the event of disagreement, was to be fixed by a specified arbiter. The Commissioner does not contend that this sum of $500 is unreasonable. The taxpayer has paid this sum according to the lease, and the trustee has paid this income to the taxpayer's wife as beneficiary by depositing the sums in her separate checking account. In his 1941 income tax return,

the taxpayer deducted these monthly payments of $500 under Sec. 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a) (1) (A). The Commissioner disallowed these deductions and the Tax Court sustained the Commissioner. It is this judgment that is sought to be reviewed.

The issue before us is the narrow one of deduction and does not involve the taxability of the trust income under Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. The pertinent Internal Revenue Code section provides:

"Sec. 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) Trade or business expenses.

"(A) In general.

"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity." 26 U.S.C.A. Int.Rev.Code, § 23(a) (1) (A).

Payments of rent are thus specifically included in the statute as deductions. Unless we are to impute to the trustee a violation of its fiduciary duty, the taxpayer is "required" to pay these monthly sums— they are a legal and collectible obligation. Without further imputing such violation to the trustee, we cannot say that the taxpayer must not pay them "as a condition to the continued use or possession." There is no basis in the facts for such imputations, and the Tax Court's conclusion that the payments of rent were gratuities is mistaken.

The Tax Court also "concluded" that the amount of the rent is fixed by the taxpayer. As a legal interpretation of the transaction involved, this conclusion is erroneous; nor is a finding to this effect supported by the record.

The Commissioner argues that the payments as rent were not required because

the taxpayer had voluntarily entered into the transaction. While the taxpayer voluntarily created the situation which required the payments of rent, the fact remains that the situation created did require the payments. In this case we have a valid, irrevocable trust, wholly divesting the taxpayer of any interest in the trust property, and an agreement by the taxpayer to pay the trustee a reasonable rental under a valid lease. The income from the property is not claimed in this proceeding to be that of the taxpayer. We have here only a question of deduction of rental from gross income. There can be no question but what rent required to be paid is properly deductible. The trustee was duty bound to exact rent of the taxpayer and the taxpayer was legally bound to pay it, just as much as if the taxpayer had moved across the street into the property of a third party. No one doubts that he would have had to pay rent then, and would have been entitled to deduct it even though he had voluntarily created that situation. We are not impressed with the argument of the Government that the taxpayer voluntarily created the present situation.

Nor can we agree with the Commissioner's contention that there was no change in the taxpayer's economic status. He had irrevocably divested himself of all title and right to the property and could occupy it only upon payment of rent, the amount of which was to be fixed by the trustee. In these circumstances, the fact that the payments of rent as trust income went to the taxpayer's wife is not material. This income went into the wife's individual bank account, and, of course, is her separate property. She had always been privileged to write checks on the taxpayer's bank account and had continued this practice without restraint after the creation of the trust.

Contrary to the Tax Court, we hold that this case does not fall within the ambit of Johnson v. Commissioner, 2 Cir., 86 F.2d 710. The facts are, of course, clearly distinguishable and as indicated above, this transaction involved substance, while that of the Johnson case was a formal sham.

The judgment of the Tax Court is reversed.