**Charles P. BROOKE and Helen Brooke, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 1513.**

United States District Court
D. Montana,
Missoula Division.

Aug. 6, 1968.

---

Garlington, Lohn & Robinson and John R. McInnes, Missoula, Mont., for plaintiffs.

Edward O. C. Ord, U. S. Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## OPINION

RUSSELL E. SMITH, Chief Judge.

I have concluded that the rent paid the guardianship is deductible as a necessary business expense and that the taxpayer should be charged with the amounts distributed to the children by the guardianship. I reach each of these conclusions because I believe that they are in accord with the realities and are not forbidden either by statute or controlling decision.

## THE DEDUCTION OF RENT

The statutes do not prohibit interfamily gift and lease back arrangements. Some decisions specifically approve them. Skemp v. C. I. R., 168 F.2d 598 (7th Cir. 1948); Brown v. C. I. R. 180 F.2d 926 (3d Cir. 1950). The decisions which have held that an ordinary and necessary business deduction is not generated by the payment of rent in such a situation do so on the ground that the court is not bound by the form of the transaction, but may look at the economic realities. Such factors as the possibility of reversion, and the independence of the trustee are considered. White v. Fitzpatrick, 193 F.2d 398 (2d Cir. 1951); Van Zandt v. C. I. R., 341 F.

2d 440 (5th Cir. 1965); Hall v. United States, 208 F.Supp. 584 (N.D.N.Y.1962); Failor v. United States, 18 A.F.T.R.2d 6030 (1966). The facts here are different from the facts in any of the cited cases, and rather than compare the facts in this case with those in other cases and try to determine where the greatest similarity lies, I look at the economic realities in this case. When taxpayer executed and caused to be recorded the warranty deed, he irrevocably divested himself of the ownership of the property. The divestiture was more absolute than would have been created by a gift to an adult,[1] because the children by their own will could not during their minority deed the property back or legally consent to a less than adequate rent. When taxpayer used the property, he had an obligation created by law to pay rent in at least a reasonable amount. I think it artificial to hold that the rents which had to be paid as a matter of law for necessary office space, were not necessary expenses. The transaction is judged at the time the rent is paid and not when the gift is made. (Brown v. C. I. R., supra.)

## THE DISTRIBUTIONS TO CHILDREN

Taxpayer argues that a guardianship is not a trust and that the rules (26 U.S.C. § 677) taxing distribution from a trust do not apply here. There are differences between a guardianship and a trust, but a guardianship may be denominated a trust (39 C.J.S. Guardian and Ward § 1, p. 9, 25 Am.Jur. 128), and a guardian is called a trustee (39 C.J.S. Guardian and Ward § 68, p. 109). Illustrative of the word usage is the law in Montana. See the statutes describing the guardian's duty as a trust and fixing it by reference to the sections of the code dealing with trusts. 91 R.C.M. 1947, §§ 4522 and 4519. See the cases using the word "trust" to define the guardian relationship. Pethybridge v.

---

1. This fact may be sufficient to distinguish White v. Fitzpatrick, supra, since dealings between compatible husband and wife may be much more flexible than between a father-guardian and his children, who have no power to consent to their economic detriment.

First State Bank of Livingston, 75 Mont. 173, 243 P. 569, equating the word "guardian" with trustee. In Re Allard's Guardianship, 49 Mont. 219 at 225, 141 P. 661, and defining guardianship funds as trust funds, Kelly v. Kelly, 89 Mont. 226, 297 P. 475. The word "trust" may express an intent to embrace guardianships.

 The Congressional purpose in the enactment of § 677 and related sections was to prevent tax evasion. Whatever may be the difference between a guardianship and a trust resulting from the action of a parent grantor in other situations, there is no conceivable difference in any considerations relevant to the determination of income tax liability. The economic effect of a gift and a lease back on the grantor and the children is exactly the same whether the distributions be made from a trust or guardianship and the tax effect should be the same. These considerations of the meaning of the words in and purpose of the law lead me to hold that a guardianship is a trust for the purposes of § 677 insofar as distributions of income are concerned.

It seems to be assumed by the parties that unless the expenditures are for items of support which the taxpayer is legally obligated to furnish, that they are not includable in gross income. With this I disagree. I think the words "legally obligated to support and maintain" are important only as they designate the kind of beneficiaries distributions to whom generate income. In the instant case the taxpayer was legally obligated to support and educate his children "suitable to his circumstance." (R.C.M., 1947, § 61–104). A minimal compliance with this section would perhaps require a high school education, but it is doubtful if the taxpayer could be required to pay tuition at a parochial school. Certainly a parent is not legally required to provide a Scout automobile for his children, buy musical instruments, or give them music lessons. Each of these items however involves the support

and maintenance of the children. In short, I hold that if fairly it can be said that the distributions from a trust are for the support and maintenance of a child, they are taxable and that it is not necessary to inquire whether a particular expenditure might have been legally compelled.

### ORDER

The parties are directed to confer for the purpose of computing the tax due in accordance with the stipulation. If the parties are unable to agree within sixty (60) days, they shall report to the court and a time for hearing will be fixed. If the parties are in agreement as to the amount of the judgment, plaintiff shall prepare a decree in accordance with Rule XIV of the Rules of this Court.