C. P. and Helen **BROOKE**, Plaintiffs,

v.

**UNITED STATES of America,**
**Defendant.**

Civ. No. 1513.

United States District Court
D. Montana,
Missoula Division.

April 10, 1969.

John R. McInnes, Garlington, Lohn & Robinson, Missoula, Mont., for plaintiffs.

Moody Brickett, U. S. Atty., Butte, Mont., Edward O. C. Ord, Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

In support of a motion to amend the findings and conclusions reported in 292 F.Supp. 571, plaintiff urges, and correctly so, that the court in its original conclusions overlooked a treasury regulation, a revenue ruling and some decisions in reaching its conclusion. The problem now arises whether, in light of the Treasury Regulation and the Revenue Ruling and the decisions, the court's conclusion was correct. The dispute centers about 26 U.S.C. § 677(b) which reads:

"(b) Obligations of support.—Income of a trust shall not be considered taxable to the grantor under subsection (a) or any other provision of this chapter merely because such income in the discretion of another person, the trustee, or the grantor acting as trustee or co-trustee, may be applied

or distributed for *the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain,* except to the extent that such income is so applied or distributed. In cases where the amounts so applied or distributed are paid out of corpus or out of other than income for the taxable year, such amounts shall be considered to be an amount paid or credited within the meaning of paragraph (2) of section 661(a) and shall be taxed to the grantor under section 662." (Italics supplied)

■ Plaintiff urges an interpretation which would in effect add the words "legally required" before the word "support" so that 26 U.S.C. § 677(b) would read "distributed for the legally required support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain." Restudying the language of the section, I still think that the words "is legally obligated to support or maintain" should be held to modify the word "beneficiary" and nothing more.

My conclusion with respect to the meaning of the language seems to me to reach the result that should happen as a matter of tax equality. If Father A and Father B both sent their children to expensive private schools, provided automobiles for their use, provided generous allowances and financed trips to the Continent each summer, they would be making expeditures for the support and maintenance of their children beyond what most local laws would require. Yet in the absence of the kind of tax planning found in this case, both A and B would make these expenditures out of income remaining after taxes. If Father A created the situation found here, and if plaintiff's contentions are correct, then Father A would escape a substantial amount of tax, because although he is obliged to support his children he is not obliged by law to do so in the style portrayed. Father A pays less taxes than Father B, although his expenditures and motivations are identical to those of Father B.

With regard to the Treasury Regulations plaintiff urges that Regulation 1.-677(b)–1(d) is contrary. It reads:

"(d) The exception provided in section 677(b) relates solely to the satisfaction of the grantor's legal obligation to support or maintain a beneficiary. Consequently, the general rule of section 677(a) is applicable when in the discretion of the grantor or nonadverse parties income of a trust may be applied in discharge of a grantor's obligations other than his obligation of support or maintenance falling within section 677(b). Thus, if the grantor creates a trust the income of which may in the discretion of a nonadverse party be applied in the payment of the grantor's debts, such as the payment of his rent or other household expenses, he is treated as an owner of the trust regardless of whether the income is actually so applied."

■ Section 674(a) generally treats the grantor of a trust who has the power of disposition of the trust as the owner of the income producing property. It was the purpose of § 677(b) in the limited class of cases to which it applies to create an exception to this general rule to the effect that the mere power to allocate income to designated beneficiaries of a trust should not alone render the income of the trust taxable. The regulations in § 1.677(b)–1 follow the language of the statute and do not contravene but rather tend to support the meaning of it which I believe it to have. § 1.677(b)–1(d) is intended to describe the limitations of the exception, i.e., that the power to distribute to a wife or children, which would be of constructive benefit to the grantor, is to be differentiated from the power to distribute for the satisfaction of other obligations of the grantor. It does not seem to me that the author of § 1.677(b)–1(d) was trying to reach the problem presented in this case. The effort was to describe the kind of a power which might be safely reserved, not the amount of the trust income which should be taxed to the grantor.

The decisions as I read them do not focus on the problem here presented. Hamiel's Estate v. C.I.R., 253 F.2d 787 (6 Cir. 1958); Hopkins v. C.I.R., 144 F.2d 683, 158 A.L.R. 1301 (6 Cir. 1944); Chandler v. C.I.R., 119 F.2d 623 (3 Cir. 1941); Gregg v. Commissioner, 3 T.C.M. 950 (1944); Miller v. Commissioner, 11 T.C.M. 684 (1952).

 Internal Revenue Ruling 56–484, C.B. 1956–2, at page 23 contains this language:

> "However, the amount of such income includable in the gross income of a person obligated to support or maintain a minor is limited by the extent of his legal obligations under local law."

which is directly contrary to the opinion I have previously expressed. Does this ruling, which apparently reflects an administrative practice now some thirteen years old, reasonably require a result at odds with the result I would reach in this case in the absence of the ruling? While ordinary doctrines of estoppel are not applicable where the Government is concerned, it appears to me that where the Treasury Department takes and for a long time maintains a position that the courts as a matter of policy should support that position if—

a. the position favors the taxpayer,

b. the position is one on the basis of which taxpayers may alter their position,

c. it may be thought that some taxpayers have benefited from the position,

unless the statute is so clear that there can be no doubt of the incorrectness of the Department's position. I think the statute involved here is not that clear; I adopt the position taken in the Revenue Ruling, and the conclusions heretofore reached are therefore amended in accordance with the views now expressed.

Plaintiff will on or before May 1, 1969, file requested findings, setting forth the specific amounts (with appropriate record references) expended in each year which plaintiff claims are not items which plaintiff was legally required to provide for the support and maintenance of the children.