Lewis H.V. MAY and Nancy C. May, Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

No. 82–7658.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1983.

Decided Jan. 20, 1984.

Henry P. Pramov, Jr., Los Angeles, Cal., for appellees.

Jonathan Cohen, Washington, D.C., for appellant.

Before KENNEDY, SKOPIL, and PRE-GERSON, Circuit Judges.

PREGERSON, Circuit Judge:

## I.  FACTS

This case presents a typical "gift-leaseback" situation.  In 1971, the taxpayers, Dr. Lewis H.V. and Nancy C. May, deeded their entire title and interest in improved real property, located in Temple City, California, to an irrevocable trust for the benefit of their four children.  The trust instrument appointed Dr. May and a friend, Harlos Gross, as co-trustees.  Although executed and delivered in 1971, the deed was not recorded until 1973.

Dr. May, who conducted his medical practice at the property, rented it from the

trust under an oral lease.  Dr. May paid the trust rent of $1,000 per month.  About four times a year, trustee Gross checked to see if the rent, which the government concedes was reasonable, had been paid.  The Commissioner of Internal Revenue appeals the United States Tax Court's decision, reported at 76 T.C. 7 (1981), holding that Dr. May's rental payments in 1973 were ordinary and necessary business expenses under Internal Revenue Code (IRC) § 162(a).  We affirm.

## II.  ANALYSIS

### A.  *Criteria to determine deductibility.*

In reviewing the Tax Court's decision, we first consider the statutory basis for the claimed deductions.  IRC § 162 provides, in pertinent part:

(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

. . . . .

(3) rentals or other payments required to be made as a condition to the continued use or possession of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

If the requirements of the statute are met, the taxpayers are entitled to the deduction.

Whether rental payments in a gift-leaseback situation are deductible under § 162(a)(3) is a frequently litigated question.  Although the Tax Court has developed standards to determine whether such rental payments are deductible,[1] the circuit courts are divided on the analysis to be used in determining whether a trustor's rental payments in a gift-leaseback situation are

---

1. In *Mathews v. Commissioner,* 61 T.C. 12, 18–20, (1973), *rev'd,* 520 F.2d 323 (5th Cir. 1975), *cert. denied* 424 U.S. 967, 96 S.Ct. 1463, 47 L.Ed.2d 734 (1976), the Tax Court set forth the criteria it uses to determine whether the deduction is to be allowed:

(1) The grantor must not retain substantially the same control over the property that he had before he made the gift.

(2) The leaseback should normally be in writing and must require payment of a reasonable rent.

(3) The leaseback (as distinguished from the gift) must have a bona fide business purpose.

(4) The grantor must not possess a disqualifying "equity" in the property within the meaning of Section 162(a)(3).

Since *Mathews,* the Tax Court has used these criteria to determine whether rental payments

an allowable tax deduction.[2] Our court in *Brooke v. United States,* 468 F.2d 1155 (9th Cir.1972), established criteria by which we determine the deductibility of rental payments as a business expense in gift-leaseback cases.

In *Brooke,* the taxpayer/physician practiced medicine in Montana. As a gift, he conveyed to his children his interest in real estate improved by a pharmacy, a rental apartment, and the offices of his medical practice. The Montana State Probate Court appointed the taxpayer as guardian of the childrens' estate. As guardian, the taxpayer collected rents from the pharmacy and the apartment. In addition, he paid himself, as guardian of the children, the reasonable rental value of his medical offices. There was no written lease for the medical offices. The rents collected were used to pay the childrens' health care, educational, and insurance expenses beyond those required of a parent under Montana law.

In assessing the gift-leaseback situation in *Brooke* we stated:

> The fundamental issue presented involves the sufficiency of the property interest transferred. The transfer of a sufficient property interest justifies the taxation of the donees and the deduction of the rental payments under 26 U.S.C. § 162(a)(3) as ordinary and necessary business expenses by the donor.

468 F.2d at 1157. We then listed factors to be used in assessing the sufficiency of the property interest transferred:

(1) the duration of the transfer;

(2) the controls retained by the donor;

(3) the use of the gift property for the benefit of the donor; and

(4) the independence of the trustee.

*Id.*

In *Brooke,* we held that the property interest transferred was sufficient in light of the above listed factors: the transfer was irrevocable, the taxpayer retained few controls over the property, the trust benefits did not inure to the taxpayer, and the trustee as a court appointed guardian was considered independent. 468 F.2d at 1157–58. In holding that the rental income was shifted to the trust, we concluded that "[n]either substance nor impact denies this [gift] transfer professional or economic reality." *Id.* at 1158. By requiring only that the transfer be grounded in professional or economic reality, we implicitly rejected application of the business purpose test to the gift portion of the gift-leaseback transaction.[3]

**B.** *Deductibility of Dr. May's rental payments under the Brooke Criteria.*

We conclude that the rental payments in the instant case are deductible under the

are deductible, except where the *Golsen* rule applies. In *Golsen v. Commissioner,* 54 T.C. 742, 757 (1970), *aff'd,* 445 F.2d 985 (10th Circuit), *cert. denied,* 404 U.S. 940, 92 S.Ct. 284, 30 L.Ed.2d 254 (1971), the Tax Court stated that "it is our best judgment that better judicial administration requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone." (Footnotes omitted.) Thus, for example, the Tax Court does not use the *Mathews* test in a gift-leaseback case appealable to the Fifth Circuit.

**2.** Some circuits allow the deduction only if there was a business purpose for the entire transaction, i.e., a business purpose for both the taxpayer's transfer of the property in trust and the subsequent leaseback. *See, e.g., Mathews v. Commissioner,* 520 F.2d 323 (5th Cir. 1975), *cert. denied,* 424 U.S. 967, 96 S.Ct. 1463, 47 L.Ed.2d 734 (1976); *Perry v. United States,* 520 F.2d 235 (4th Cir.1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976); *Van Zandt v. Commissioner,* 341 F.2d 440 (5th Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965). Other circuits follow a bifurcated approach—i.e., initially determining the validity of the transfer of the property in trust and then examining the leaseback alone to determine if there was a business purpose for the rental payments. *See, e.g., Quinlivan v. Commissioner,* 599 F.2d 269 (8th Cir.), *cert. denied,* 444 U.S. 996, 100 S.Ct. 531, 62 L.Ed.2d 426 (1979); *Brown v. Commissioner,* 180 F.2d 926 (3d Cir.), *cert. denied,* 340 U.S. 814, 71 S.Ct. 42, 95 L.Ed. 598 (1950); *Skemp v. Commissioner,* 168 F.2d 598 (7th Cir.1948).

**3.** Of course, the leaseback portion of the transaction must have a business purpose for the taxpayer to claim a business deduction under IRC § 162(a)(3).

*Brooke* criteria. The written trust instrument effectively transferred the property from the taxpayers to the trust in 1971. Under California law the gratuitous transfer of real property can be accomplished by the delivery of a written instrument, executed by the transferor, which contains language plainly showing a present intent to transfer. *See* Cal.Civ.Code §§ 1091, 1092 (West 1982); *Roberts v. Abbott,* 48 Cal.App. 779, 192 P. 345 (1920). We agree with the Tax Court's conclusions that the trust instrument effectively transferred title and that failure to record the deed until 1973 did not prevent the conveyance from being effective. *See* 3 B. Witkin, *Summary of California Law,* Real Property § 144, at 1886 (8th ed. 1973).

In addition, we agree with the finding of the Tax Court that taxpayers did not retain substantially the same control over the property they had before making the irrevocable gift in trust to their children. We also concur with the Tax Court's finding that the trustees were sufficiently independent. As the Tax Court noted, Mr. Gross testified that he felt independent of Dr. May. *May,* 76 T.C. at 14–15. The Tax Court also noted that while Mr. Gross might have devoted more time to supervising the trust, because of its small size and lack of complexity, no more was required. The fourth factor of the *Brooke* test—that the gift property not be used for the benefit of the donor—is also met. Dr. May's use of the property was strictly as a lessee pursuant to a lease agreement between himself and the trust.

As in *Brooke,* we conclude that none of the factors prevent the rental income from being shifted to the trust. The transfer in the instant case was not a "sham or a fraud." *Brooke,* 468 F.2d at 1158. Rather, it was an irrevocable transfer of real property in trust to provide for the health, care and educational needs of the taxpayers' children. The taxpayers did not retain the same control over the property as they had before the transfer, i.e., the transfer was grounded in economic reality, and the leaseback of the medical property had a business

4. See note 3.

purpose.[4] Thus the rental payments were properly deductible under IRC § 162(a)(3).

AFFIRMED.