STANLEY J. WOLFE AND HELEN W. WOLFE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wolfe v. Commissioner
Docket No. 15348-80.
United States Tax Court
T.C. Memo 1984-446; 1984 Tax Ct. Memo LEXIS 227; 48 T.C.M. (CCH) 919; T.C.M. (RIA) 84446; August 21, 1984. Peter L. Lawrence, for the petitioner. Joseph Long, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $2,039.00 in petitioners' 1977 individual Federal income taxes. The sole issue for decision is whether petitioners are entitled to a deduction under *229 section 162(a)[1] for rental payments on land gifted to an irrevocable ten year trust. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Woodbridge, Connecticut, when they filed their petition in this case. Petitioner Standley J. Wolfe ("Wolfe") is a dentist, and his main office is located at 25 Washington Avenue, south of Route 22, in North Haven, Connecticut. Prior to November 1976, Wolfe owned the Washington Avenue property in fee simple, and had made substantial improvements to the building. Petitioner Wolfe's attorney, Stanley Bergman, ("Bergman") suggested that he set up a trust for petitioners' children, that he quit-claim the Washington Avenue property, excluding the building, to the trust, and that he rent the land back from the trust. In November of 1976, Wolfe executed a quit-claim *230 deed transferring the Washington Avenue land to Bergman and petitioner Helen Wolfe ("Helen"), as trustees for the Jonathan Todd Wolfe and Jocelyn L. Wolfe Ten Year Trust ("Trust"). At the same time, Wolfe executed the trust agreement and executed a lease with Helen and Bergman acting as trustees for the Trust. The terms of the Trust provided it was irrevocable, and that it would terminate after 10 years and 6 months from the last date on which property is deposited by the grantor, Wolfe. Petitioner Helen was designated as the remainderman of the land. Wolfe was named as the remainderman for any other property. Petitioners' children were the income beneficiaries. The lease of the Washington Avenue property to Wolfe was for a term of 15 years, at an annual rent of $4,500.00. Wolfe was required by the lease to make all tax and mortgage payments. Bergman suggested the annual rental of $4,500.00. He based this figure upon his experience, the appraised value of the land, and on the advice of a realtor in the area. The terms of the lease have not been altered since the lease was entered into. Petitioners claimed $4,575.00 as a business expense for the land rental on their 1977 *231 income tax return. Petitioners claimed deductions for land rental expense for the years 1979 and 1980, in the amounts of $5,650.00 and $6,500.00, respectively. Respondent determined that petitioners were not entitled to deduct $4,575.00 as a business expense in 1977. Additionally, respondent determined that petitioners failed to establish that the $4,575.00 rental payment was reasonable. Respondent did not attack the integrity or efficacy of the trust agreement under the applicable provisions of Subchapter J, sections 671 through 678. At trial, the parties introduced the testimony of expert witnesses on the issue of reasonable rent for the land. Both experts utilized the market data, or comparable sales approach, in reaching their evaluations. Petitioners' expert, Raymond Hartman, ("Hartman") determined that the fair net annual rent of the land was $8,000.00 in 1977. In making his evaluation, Hartman used properties north of Route 22, and did not consider the 1977 sale of land at 31 Washington Avenue, two lots north of the property in the instant case. Respondent's expert witness, John Jeffrey ("Jeffrey"), determined that the fair net annual rental of the land was $3,636.00 *232 in 1977. Jeffrey found the sale at 31 Washington Avenue to be most comparable. Both experts agreed that land south of Route 22 was less valuable than land north of Route 22. OPINION We must determine whether petitioners are entitled to a deduction under section 162 for their rental payments to the trust. In pertinent part, section 162 provides that: (a) IN GENERAL. There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. The question of whether a grantor, who has transferred to a trust land previously owned by him and used in his trade or business, may deduct payments made by him to the trust as rent, has been previously considered by this Court. In Mathews v. Commissioner,61 T.C. 12 (1973), revd. 520 F.2d 323 (5th Cir. 1975), *233 this Court drew upon the numerous decisions dealing with this issue, and we set forth the following criteria which must be met for a deduction to be allowed: 1. The grantor must not retain substantially the same control over the property that he had before he made the gift. 2. The leaseback should normally be in writing and must require payment of a reasonable rent. 3. The leaseback (as distinguished from the gift) must have a bona fide business purpose. 4. The grantor must not possess a disqualifying equity in the property within the meaning of section 162(a)(3). We have consistently applied these criteria to determine whether the rental payments will be allowed as ordinary and necessary business expenses. May v. Commissioner,76 T.C. 7 (1981), affd. 723 F.2d 1434 (9th Cir. 1984); Lerner v. Commissioner,71 T.C. 290 (1978). [2]
In Rosenfeld v. Commissioner,T.C. Memo. 1982-263, affd. 706 F.2d 1277 (2d Cir. 1983) we again rejected respondent's argument that the Mathews test be abandoned. In Rosenfeld, *234 supra, the taxpayer transferred his medical building to a 10 year trust for his children, with his attorney and accountant as trustees. The reversionary interest in the property was transferred to the grantor's wife. The trust immediately entered into a lease with the taxpayer for 10 1/2 years.We held that the Mathews test was applicable and that the rental payments were deductible. We found that (1) it was not material that the lease term was for the term of the trust; (2) the trustees were independent; and, (3) it was not significant that the lease was prearranged at the time the trust was established. The Second Circuit affirmed our holding and the use of the Mathews test, stating: [W]e decline appellant's invitation to adopt a business purpose standard of review. Rather, we believe our inquiry should focus on whether there has been a change in the economic interests of the relevant parties. If their legal rights and beneficial interests have changed, there is no basis for labeling a transaction a "sham" and ignoring it for tax purposes. Rosenfeld v. Commissioner,supra, 706 F.2d at 1282. In the instant case, respondent again urges *235 us to view a gift-leaseback as a single transaction and find, unless there is a business purpose for the entire arrangement, that the transaction should not be recognized. Respondent ignores the fact that Congress has expressly sanctioned the use of ten year trusts as a tax planning arrangement in section 673. The Second Circuit, to which appeal of the instant case would lie, rejected respondent's position in Rosenfeld,supra. Based on this holding, and buttressed by our view that the Mathews criteria are the proper test, we reject respondent's argument in the instant case. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). In the alternative, respondent argues that the petitioners' arrangement fails to satisfy the Mathews criteria. However, petitioner Wolfe required the property for his medical practice. After he transferred the property to the trust, his use of it was conditioned upon payment of rent. The leaseback, therefore, had a bona fide business purpose. *236 Rosenfeld,supra at 13-14; Lerner v. Commissioner,supra at 302. Also, Wolfe did not have an equity in the land, in the sense of a property right "which traditionally would have been enforceable by means of an equitable remedy." Oakes v. Commissioner,44 T.C. 524, 531 (1965). See May v. Commissioner,supra. Under the trust agreement the sole equitable owners of the property were petitioners' children. Wolfe did not even possess a reversionary interest, since he had transferred the reversion to his wife. Thus, it is clear that petitioners satisfied the third and fourth criteria under Mathews.
The first criterion under Mathews is that the grantor must not retain substantially the same control over the property as he had before the gift. Respondent argues that because the lease was prearranged and was for more than the term of the trust, the trustees were not independent, and Wolfe retained the same control over the property as he had before he transferred it to the trust. However, in light of our decisions in Rosenfeld v. Commissioner,supra, and May v. Commissioner,supra, *237 the presence of such facts does not warrant the conclusion that the first criterion of Mathews was not satisfied. As we noted in Rosenfeld,supra, it was not significant that the leaseback was prearranged. See also May v. Commissioner,supra at 11; Lerner v. Commissioner,supra at 293. The presence of a prearranged leaseback does not result in the grantor-lessee failing the first Mathews test. In Rosenfeld,supra, we found a requirement that the trustee have the ability to renegotiate the lease to be an exaltation of form over substance. Thus, it is not material that the lease in the instant case extended for the term of the trust and beyond. Although the trustees were Wolfe's wife and lawyer, such fact does not cause them to lack independence. See Rosenfeld v. Commissioner,supra; Lerner v. Commissioner,supra;Mathews v. Commissioner,supra.[3] The trustees were aware of their fiduciary duties. *238 We find that the economic interests of the parties were significantly altered. The gift-leaseback changed the legal rights and beneficial interests of the parties.See Rosenfeld v. Commissioner,supra. Thus, we find that petitioners meet the first criterion under Mathews.
The second test under Mathews is that the leaseback should normally be in writing and must require payment of reasonable rent. Respondent argues that the rent paid by Wolfe in 1977 was not reasonable. Further, though the leaseback was in writing, respondent asserts that the terms of the lease were ignored by the parties. In the instant case, though both expert witnesses used the market data approach, they arrived at significantly different figures for the fair net annual rental of the land. Since petitioners' expert relied on the more valuable property north of Route 22, and failed to consider the neighboring property sale, we can not give much weight to his evaluation. Respondent's expert was far more credible. Jeffrey's $3,636.00 fair annual rental figure relied heavily on the sale of the neighboring property. However, the figure of $4,500.00 determined by the parties to the lease is only *239 $864.00 greater than respondent's figure. Bergman based this rental amount on his experience, the land's appraised value, and the advice of a local realtor. Given these circumstances, and the closeness of these figures, we find the $4,500.00 figure to be a reasonable rent for the year 1977. However, petitioners claimed deductions for rent in the amounts of $4,575.00, $5,650.00, and $6,500.00, respectively, for the years 1977, 1979, and 1980, even though the unmodified lease only called for payments of $4,500.00 per year. Respondent points to these deductions as proof that the parties ignored the terms of the lease. We disagree. Petitioners observed the terms of the lease by paying $4,500.00 annually in rent to the trust. The excess amounts paid in by petitioners appear to be gifts to the trust. [4] Since 1977 is the only year before us, we find that petitioners improperly deducted $75.00 as a rental expense. *240 Therefore, we find that petitioners in 1977 properly deducted as a rental expense $4,500.00 out of the $4,575.00 they claimed. We have considered respondent's other arguments and find them unpersuasive. [5]
Based on the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See also Serbousek v. Commissioner,T.C. Memo. 1977-105↩.
3. See also Serbousek v. Commissioner,supra.↩
4. There is no apparent income tax effect on petitioners from the gifts since the trust appears to extend automatically from the date of the last gift. Thus, there is no grantor trust income under section 673↩, even though Wolfe, the grantor, has the remainder interest in these sums added to the trust.
5. We note respondent's recent acquiescence in Lerner v. Commissioner,supra. See 1984-27 I.R.B. 5↩.